986 So.2d 839 (2008)
Karen KING, Plaintiff/Respondent,
v.
ILLINOIS NATIONAL INSURANCE COMPANY, et al., Defendants/Applicants.
No. 43,237-CW.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
*840 Degan, Blanchard & Nash by Sidney W. Degan, III, Travis L. Bourgeois, New Orleans, for Defendants/Applicants.
Sentell Law Firm, L.L.C. by C. Sherburne Sentell, III, Minden, for Plaintiff/Respondent.
Before STEWART, PEATROSS & LOLLEY, JJ.
PEATROSS, J.
Plaintiff, Karen King, sued Defendants, Illinois National Insurance Company ("Illinois National") and American International Group, Inc. ("AIG"), alleging that she had seized a claim for failure to settle in good faith from Defendants' insured, Anesa M. Theus. Defendants sought a supervisory writ of the trial court's denial of their motion for summary judgment. This court granted the writ and it is now before us on appeal. For the reasons set forth below, we reverse the decision of the trial court and render judgment dismissing Plaintiff's petition.

FACTS
Plaintiff was a guest passenger in a vehicle on January 13, 1998, when it collided with a vehicle driven by Ms. Theus. The accident was caused by Theus when she made a left turn in front of the vehicle in which Plaintiff was a passenger. According to the allegations in the present action, Plaintiff then attempted to settle her claim against Ms. Theus and Illinois National, the insurer of the car driven by Ms. Theus, for a sum within the policy limits by providing documentation of her medical expenses and injuries to Illinois National's third-party adjuster, AIG. The offer of settlement included a release of Ms. Theus for any additional liability. These offers were allegedly made on two separate occasions (April 2, 1998, and May 12, 1998) and rejected each time.
The matter proceeded to trial and Plaintiff obtained a judgment in the amount of $74,111.86, subject to a $10,000.00 credit in favor of Illinois National representing the policy limits it had tendered just prior to trial. This left Ms. Theus owing the excess *841 judgment of $64,111.86. On appeal in King v. Illinois Nat. Ins. Co., 34,473 (La.App.2d Cir.2/28/01), 782 So.2d 1104, writs denied, 01-1244 (La.6/22/01), 794 So.2d 788, and 01-1245 (La.6/22/01), 794 So.2d 788, this court raised the general damages portion of the award by $15,000, making the excess judgment owed by Ms. Theus $79,111.86.
In an attempt to collect on the excess judgment, Plaintiff obtained a writ of fieri facias directing the sheriff of Webster Parish to seize, among other things:
All rights, causes of action, or other claims that Annessa Monique Theus may have against Illinois National Insurance Company for its failure to protect her from personal liability by settling Karen K. King's claim within the policy limits and obtaining a full release for Annessa Monique Theus. This is an excess claim that Annessa Monique Theus has against her own insurance company, Illinois National Insurance Company, and all rights and incidental actions that Annessa Monique Theus may have to bring legal action against Illinois National Insurance Company related to the automobile accident that took place on January 13, 1998 in Minden, Webster Parish, Louisiana. The rights herein seized include, but are not limited to, the right to sue Illinois National Insurance Company in the name of and on behalf of Annessa Monique Theus.
The sheriff subsequently filed a notice of seizure indicating that the property described had been seized by the sheriff on July 24, 2001. On June 13, 2002, Plaintiff filed a petition as transferee of Ms. Theus' rights against Illinois National and AIG for damages, penalties and attorney fees due Ms. Theus under La. R.S. 22:658 and 22:1220. Illinois National and AIG responded by filing a motion for summary judgment claiming that no genuine issue of material fact exists and seeking to have Plaintiff's claim dismissed. Specifically, Defendants argued that the only basis for Plaintiff's action could be as transferee of Theus' inchoate rights to bring the action, which, by their very nature, were non-transferable; and, even if they were transferable, they had not been transferred by the sheriff's seizure under the writ of fieri facias. Plaintiff opposed the motion arguing that Theus' rights against Defendants were transferable and that the seizure effected such a transfer.
The motion for summary judgment was argued on October 9, 2007, and was denied. A written judgment reflecting the denial was signed on October 11, 2007. In its oral reasons for judgment, the trial court found that a genuine issue of material fact existed as to whether Plaintiff had acquired the rights of Ms. Theus to file the petition and whether Defendants failed to appropriately settle the initial claim. A timely notice of intent to seek supervisory review was filed on November 6, 2007, and a return date of December 12, 2007, was set by the trial court. As stated above, Defendants sought this court's review of the denial of the motion for summary judgment by way of a supervisory writ.

DISCUSSION
Our review of a grant or denial of a motion for summary judgment is de novo. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). Thus, this court uses the same criteria as the trial court in determining whether summary judgment is appropriatei.e. whether there is a genuine issue of material fact and whether mover is entitled to judgment as a matter of law. Jones, supra.
*842 Defendants argue that Plaintiff is unable to seize Ms. Theus' alleged claim for failure to settle in good faith because she had not yet filed suit. In particular, both parties focus on La. C.C. art. 2652 concerning litigious rights as the controlling law in the case. We find this reliance misplaced.
La. C.C. art. 2652 in pertinent part provides that:
When a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment.
A right is litigious, for that purpose, when it is contested in a suit already filed.
We agree that, because Ms. Theus' claim was not filed at the time of seizure, it does not qualify as a litigious right; however, that does not mean it is non-transferrable. As we read the article and the applicable Louisiana jurisprudence, we find that La. C.C. art. 2652 simply sets forth a legal scheme for when a pending suit is transferred. The article has no application to transfers of rights before a suit is filed. It neither authorizes or prohibits such transfers, but is silent on the subject. To this extent, we disagree with the reasoning in Parich v. State Farm Mutual Automobile Insurance Co., 919 F.2d 906 (5th Cir.1990), cert. denied, 499 U.S. 976, 111 S.Ct. 1621, 113 L.Ed.2d 719 (1991), and agree with the reasoning in Sanderson v. H.I.G. P-XI Holdings, Inc., 2001 WL 245788 (E.D.La. 2001).
As the jurisprudence concerning litigious right is inapplicable, we look elsewhere for guidance as to whether a potential right to recover for a failure to settle a claim can be seized by writ of fifa. We note that the commentators suggest that a mere potential claim for damages can be seized even before that claim has been brought before a court by way of suit. Professors McKenzie and Johnson, in discussing an insured's claim against his insurer for excess exposure state that, "the insured's claim may be seized and asserted by the judgment creditor." 15 La. Civ. L. Treatise, Insurance Law and Practice § 222 (West, 3rd Ed.). We do not find, however, any case law directly supporting this position. Further, Professor Yiannopoluos, in his discussion of the common pledge of creditors, concludes that, "It would seem the creditor should be allowed to seize or exercise any right of the debtor which may qualify as patrimonial unless this right is strictly personal." 2 La. Civ. L. Treatise, Property § 197 (West, 4th Ed.). Professor Yiannopoluos' conditional language reflects the lack of clear and definitive jurisprudence on the subject.
Without clear guidance from Louisianan jurisprudence, we find that a mere right to potentially bring a suit is not a right which can be seized. See National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234 (1925); Peet v. McDaniel, 27 La. Ann. 455 (1875); Leefe v. Walker, 18 La. 1 (1841). A cause of action on which suit has not yet been filed is strictly personal and not transferable. Woodfield v. Bowman, 193 F.3d 354 (5th Cir.1999). As such, we find that it also cannot be seized by writ of fifa. As a right to potentially bring suit cannot be transferred, we also find Plaintiff's remaining arguments to be without merit.

CONCLUSION
For the foregoing reasons, we reverse the decision of the trial court and grant summary judgment in favor of Defendants, Illinois National Insurance Company and American International Group, Inc., there-by *843 dismissing this action. Costs of appeal are assessed against Plaintiff Karen King.
REVERSED AND RENDERED.