GUIDRY, Justice.
| We granted certiorari in this matter to address the res nova issue of whether an individual’s unexercised right to institute litigation through the filing of a lawsuit can be seized by a writ of fieri facias. For the reasons that follow, we find the court of appeal properly concluded a cause of action on which suit has not yet been filed is a strictly personal right and, as such, not subject to seizure. Accordingly, the court of appeal’s ruling reversing the trial court and granting summary judgment in favor of and dismissing the defendants, Illinois National Insurance Company (hereafter, “Illinois National”) and American International Group, Inc., a/k/a AIG Specialty Auto (hereafter, “AIG”), is affirmed.
FACTS AND PROCEDURAL HISTORY

Rendering of Excess Judgment

On January 13, 1998, Annessa Monique Theus, while operating a vehicle insured *782 by Illinois National, made a left turn in front of and collided with a vehicle in which the plaintiff, Karen King, was a guest passenger. Less than four months after the accident, the plaintiff provided to AIG, Illinois National’s independent adjuster, medical documentation evidencing soft tissue and extensive dental injuries sustained when she was thrown into the windshield of the vehicle she was | ¡^occupying.[1] The plaintiff was subsequently unsuccessful in her proactive efforts to settle her bodily injury claim with Illinois National for the $10,000.00 policy limits in exchange for a full release of the insurer and Ms. Theus from any further liability.
Following a bench trial on the merits, Ms. Theus was assessed total liability for the accident. The plaintiff was awarded a judgment in the amount of $74,111.86.[2] Since Illinois National was given a $10,000.00 credit representing the policy limits tendered shortly before the trial, an excess judgment was rendered against Ms. Theus in the amount of $64,111.86. On appeal, the general damages portion of the award was increased by an additional $15,000.00, thereby making the excess amount owed by Ms. Theus $79,111.86. King v. Illinois Nat’l Ins. Co., 34,473 (La. App. 2 Cir. 2/28/01), 782 So.2d 1104.

Issuance of Writ of Fieri Facias

Subsequently, this Court denied supervisory writ applications filed by the plaintiff seeking an increase in the general damage award and Ms. Theus contesting the issue of liability. See King v. Illinois Nat’l Ins. Co., 01-1244 (La.6/22/01), 794 So.2d 788 and 01-1245 (La.6/22/01), 794 So.2d 788, respectively. Thereafter, in accordance with Louisiana Civil Procedure article 2253, the plaintiff formally requested the Webster Parish Clerk of Court to issue a writ of fieri facias in an attempt to collect on the excess judgment rendered against Ms. Theus. The following day, the plaintiff obtained a writ of fieri facias directing the Sheriff of Webster Parish to seize, among other things:
All rights, causes of action, or other claims that Annessa Monique Theus may have against Illinois National Insurance Company for its failure to |a;protect her from personal liability by settling Karen K. King’s claim, within the policy limits and obtaining a full release for Annessa Monique Theus. This is an excess claim that Annessa Monique Theus has against her own insurance company, Illinois National Insurance Company, and all rights and incidental actions that Annessa Monique Theus may have to bring legal action against Illinois National Insurance Company related to the automobile accident that took place on January 13, 1998 in Minden, Webster Parish, Louisiana. The rights herein seized include, but are not limited to, the right to sue Illinois National Insurance Company in the name of and on behalf of Annessa Monique Theus.
(Emphasis added.)
Subsequently, on July 24, 2001, the Webster Parish Sheriff filed a notice indicating that the property described in the writ had *783 been seized.[3]
On June 13, 2002, the plaintiff, in her alleged capacity as transferee of Ms. Theus’s inchoate rights[4], instituted suit against Illinois National and AIG for damages, penalties, and attorney’s fees due Ms. Theus under Louisiana Revised Statutes 22:658 and 22:1220. Essentially, the plaintiff alleged the defendants subjected Ms. Theus to the excess judgment through the breach of their contractual obligations to adjust promptly and in good faith the plaintiff’s bodily injury claim through the defendants’ adamant refusal to settle within the policy limits in exchange for Ms. Theus’s release from liability.

Motion for Summary Judgment

On August 24, 2007, the defendants filed a motion for summary judgment seeking dismissal of the plaintiff’s action on the basis that no genuine issue of material fact exists. Specifically, the defendants urged the plaintiff did not have ajjcause of action against them to seek recovery of the excess judgment or recover penalties and attorney’s fees. The defendants maintained any inchoate rights Ms. Theus possessed to bring an action against them were neither transferable, nor subject to involuntary seizure, pursuant to a writ of fieri facias. In opposition, the plaintiff advanced, because Ms. Theus’s claims against the defendants may be transferred by assignment, they could be subject of seizure by writ of fien facias. Following a hearing, the trial court denied the motion for summary judgment, citing in its oral reasons the existence of a genuine issue of material fact as to whether the plaintiff had actually acquired the rights of Ms. Theus to file the petition and whether the defendants inappropriately failed to settle the plaintiffs earlier claim.
The court of appeal reversed the trial court’s denial of summary judgment and dismissed the plaintiffs action. King v. Illinois Nat’l Ins. Co., 43,237 (La.App. 2 Cir. 6/4/08), 986 So.2d 839. In doing so, the appellate court maintained, since Ms. Theus’s potential cause of action against the defendants was not subject of a pending lawsuit, the parties erred in relying on, as the controlling law in the case, Louisi-ána Civil Code article 2652 relative to the assignment of litigious rights.[5] In addressing the legality of the seizure of an inchoate right, the court of appeal referenced treatise commentary suggesting that a mere potential claim for damages can be seized even | ¿before the cause of action becomes subject of a pending lawsuit. The court specifically referred to the dis *784 cussion of Professors William Shelby McKenzie and H. Alston Johnson, III pertaining to an insured’s claim against his insurer for excess exposure, which provides an “insured’s claim may be seized and asserted by the judgment creditor.” 15 W.S. McKenzie & H.A. Johnson, Louisiana Civil Law Treatise: Insurance Law and Practice, Excess Liability Procedures § 222 (3d ed.2006). The court of appeal also acknowledged Professor A.N. Yianno-poulos’s discussion of the common pledge of creditors, maintaining that “[i]t would seem the creditor should be allowed to seize or exercise any right of the debtor which may qualify as patrimonial unless this right is strictly personal.” 2 A.N. Yiannopoulos, Louisiana Civil Law Treatise: Property § 197 (4th ed.2001). Based on its review, the court of appeal recognized the absence of any case law directly supporting the position of Professors McKenzie and Johnson. It also found Professor Yiannopoulos’s conditional language reflected the lack of clear and definitive jurisprudence on the subject.
While conceding the lack of clear guidance from Louisiana jurisprudence, the court of appeal concluded a mere right to potentially bring a lawsuit is a non-transferable, strictly personal right and, as such, not subject to seizure by a writ of fieri facias. Accordingly, the trial court judgment was reversed and the plaintiffs petition dismissed.
We granted certiorari to review the correctness of the court of appeal’s ruling granting summary judgment in favor of the defendants. King v. Illinois Nat’l Ins. Co., 08-1491 (La.10/10/08), 993 So.2d 1271.
| ¿DISCUSSION

Standard of Review

Appellate review of the granting of a motion for summary judgment is de novo, using the identical criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Bonin v. Westport Ins. Corp., 05-0886, p. 4 (La.5/17/06), 930 So.2d 906, 910; Schroeder v. Bd. of Sup’rs of La. State Univ., 591 So.2d 342, 345 (La.1991). A motion for summary judgment is a procedural device used when there is no genuine issue of material fact. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and shall be construed to favorably accomplish these ends. La. C.C.P. art. 966(A)(2). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Duncan v. USAA Ins. Co., 06-0363, p. 4 (La.11/29/06), 950 So.2d 544, 546-547. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Hines v. Garrett, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765 (citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Hines, 876 So.2d at 765-766.
Because the court of appeal granted summary judgment based upon its conclusion that the plaintiff had no legal basis to file suit against the defendants, we must first examine whether an unexercised right to institute a lawsuit is subject to 17seizure by writ of fien facias. From that determination, we shall decide whether summary *785 judgment in favor of the defendants is appropriate under the facts.

Assignment of Rights

In support of summary judgment, the defendants contend the plaintiff cannot assert her bad faith claims because they are premised on a defective seizure of Ms. Theus’s inchoate rights to bring an action against them. By contrast, the plaintiff alleges Ms. Theus’s claims against the defendants were assignable and, as such, also subject to seizure by writ of fieri facias. Notably, neither party’s position is premised on conclusive statutory or jurisprudential law. In deference to the litigants, our research also corroborates the court of appeal’s observation that there is a lack of definitive jurisprudence on the subject of the seizure of inchoate rights.
In addressing this novel issue, we are guided by the principle of assignment of rights, another vehicle for the transfer of rights. The term “assigns” is defined in the Louisiana Civil Code as “those to whom rights have been transmitted by particular title; such as sale, donation, legacy, transfer or cession.” La. C.C. art. 3506(5) (emphasis added). Black’s Law Dictionary 228-229 (6th ed.1990) defines “cession” as “[t]he act of ceding; a yielding or giving up; surrender; relinquishment of property or rights ... In the civil law, an assignment. The act by which a party transfers property to another. The surrender or assignment of property for the benefit of one’s creditors.” (Emphasis in original.)
Considerable jurisprudence exists on the issue of assignment of rights. The law is clear that a litigious right, a cause of action which is the subject of pending litigation, is transferable by assignment pursuant to Louisiana Civil Code article 2652. While this Court has never pointedly entertained the issue of the legality of an assignment of a cause of action prior to an assignor’s filing suit on that cause of |8action, our state appellate courts have concluded such is permissible. See, e.g., Falco Lime, Inc. v. Plaquemine Contracting Co., Inc., 95-1784 (La.App. 1 Cir. 4/4/96), 672 So.2d 356; Maryland Casualty Co. v. Dixie Ins. Co., 622 So.2d 698 (La.App. 1st Cir.1993); Keith v. Comco Ins. Co., 574 So.2d 1270 (La.App. 2nd Cir.1991). The cases that arise in the insurance context impliedly recognize that, although the obligations with respect to excess exposure flow from the insurer to the insured, claims for breaches of those duties may be asserted by assignees of the insured (i.e., judgment creditors), irrespective of whether the bad faith suit is filed by the insured or the assignee.
Similarly, our Louisiana federal courts have addressed on several occasions the issue of whether an inchoate right to file suit is subject of assignment under Louisiana law. See, e.g., Woodfield v. Bowman, 193 F.3d 354 (5th Cir.1999); Pontchartrain Gardens, Inc. v. State Farm General Ins. Co., 2009 WL 86671 (E.D.La.1/13/09); Steirwald v. Phoenix Ins. Co., 2001 WL 617542 (E.D.La.5/30/01); Sanderson v. H.I.G. P-XI Holding, Inc., 2001 WL 245788 (E.D.La.3/9/01). In the more recent cases, the courts reject the earliest proposition articulated in Parich v. State Farm Mutual Auto. Ins. Co., 919 F.2d 906 (5th Cir.1990), that a dispute not the subject of litigation is non-transferable by assignment.[6] In finding inchoate rights sub *786 ject to assignment, |9the courts each rely on Louisiana Civil Code article 2642, which provides, in relevant part, that “[a]ll rights may be assigned, with the exception of those pertaining to obligations that are strictly personal.... ” The courts found a judgment debtor’s reliance on Louisiana Civil Code article 2652, as the basis that only litigious rights can be assigned, to be misplaced. Essentially, the courts reasoned article 2652 articulates only the rules regarding the redemption or extin-guishment of litigious rights, and does not apply in any respect to the transfer of rights before a suit is filed.
In addressing the plaintiffs argument that Ms. Theus’s claims are subject to seizure because they are assignable, the court of appeal also considered the issue of the assignment of inchoate rights. It found such rights assignable for reasons similar to those expressed by the federal courts. Notwithstanding the court of appeal’s conclusion in this regard, we do not venture to specifically address whether an unexercised right to institute a lawsuit may be assigned, as that issue is not presently before this Court. As initially raised, we decide today only whether the court of appeal was erroneous in rendering summary judgment premised on its conclusion that a potential right to file suit may not be seized pursuant to a writ of fieri facias.

Seizure of Inchoate Rights

Nature of Relinquishment

Applying the principles relative to assignment, it is undisputed that, had Ms. Theus assigned her rights to the plaintiff, the transfer would be indicative of Ms. 110Theus’s intent to voluntary surrender her interests in litigating her bad faith claims against the defendants. However, as plaintiff concedes, this proceeding involves an involuntary seizure of inchoate rights. It is our position that it is the nature of the relinquishment of the judgment debtor’s interests, whether voluntary or involuntary, that is the pivotal consideration in determining the validity and legality of the vehicle chosen for the transfer of inchoate rights.

Writs of Fieri Facias and Constitutional Implications

The general rules relative to writs of fieri facias are set forth in articles 2291, et seq. of the Louisiana Civil Code of Procedure, Book IV entitled “Execution of Judgments.” An essential requirement to the issuance of a writ of fieri facias is a money judgment. Madere v. Modere, 95-088 (La.App. 5 Cir. 5/30/95), 656 So.2d 1108, 1109 (“A necessary prerequisite to a writ of fieri facias is a money judgment.”), rev’d on other grounds per curiam, 95-1635 (La.10/16/95), 660 So.2d 1205 (“Absent a money judgment, there was nothing *787 for plaintiff to execute through a writ of fieri facias”). Louisiana Code of Civil Procedure article 2291 provides “[a] judgment for the payment of money may be executed by a writ of fieri facias directing the seizure and sale of property of the judgment creditor.” (Emphasis added.) While the terms “seize” and “seizure” are not defined under the applicable section of the Louisiana Code of Civil Procedure, their definitions are provided in Black’s Law Dictionary 1389 (8th ed.2004). Pertinent to the instant matter, “seize” is defined as “to forcibly take possession (of a person or property).” The relevant definition of “seizure” provides “the act or instance of taking possession of a person or property by legal right or process.” Contrary to the principle of assignment where there is a voluntary surrendering of personal rights, these definitions illustrate the act of seizing through the execution of a judgment constitutes an involuntary relinquishment of a | t Judgment debtor’s interests. It implies a conscious reluctance on the part of a judgment debtor in renouncing his personal rights.
Due to the inherent nature of the involuntary cession of a judgment debtor’s property interests, this Court has held statutes relative to seizure are to be strictly construed. Pelican v. Winder, 253 La. 697, 219 So.2d 500, 502 (1969). Strict construction and application of the provisions relating to writs of fieri facias, as with other provisions pertaining to the execution of judgments, are warranted insofar as the seizure process implicates the constitutional due process protections afforded to the judgment debtor. See U.S. Const, amend. XIV; La. Const, art. I, § 2; 42 U.S.C.A. § 1983. There is no dispute that the Louisiana procedures for issuing and executing a writ of fieri facias are constitutional as written. However, misapplication of the procedural protections provided in the codal provisions can give rise to constitutional violations. Doyle v. Schultz, 97 F.Supp.2d 763, 767-768 (E.D.La.2000) (“In Louisiana, state officials are directly involved in the issuance and the execution of the writ of fi fa.[7] The writ of fi fa is strictly a state-created and state-executed mechanism. This is sufficient to establish action under color of state law for purposes of the fourteenth amendment.... If the defendants, in conjunction with the State, violated plaintiffs’ due process rights in issuing and executing the writ of fi fa, plaintiffs would, have a cognizable [due process] claim....”). Generally, most cases relating to the assertion of due process violations involve a judgment debtor’s lack of notice and opportunity to be heard prior to the execution of a writ of fieri facias. See, e.g., Cobb v. Miller, 818 F.2d 1227, 1239 (5th Cir.1987) (“[0]ne of the concerns about writs of execution such as fieri facias is that the party whose property is to be seized has notice and opportunity to be heard before seizure.”).
|12We are cognizant Ms. Theus has not raised an objection to the validity of the seizure process which is the subject of these proceedings. However, due to the novel question at issue, this Court is nevertheless required to address the appropriateness of the plaintiffs forcible taking of Ms. Theus’s inchoate rights and causes of action against the defendants and, ultimately, whether the seizure is violative of the judgment debtor’s interests. More directly, it is the constructive seizure of Ms. Theus’s individual choice to file a lawsuit on the causes of action against her- insurance carrier that warrants our full consideration.
*788 A decision whether to file a lawsuit is premised on an individual's subjective judgment. Fundamentally, such a conscious determination is dictated by one’s mind and will, exhibited exclusively through the exercise of his or her own volition by actively filing or refraining from filing suit. As such, it is a strictly personal right not subject to involuntary relinquishment, such as seizure by writ of fieri facias, unless expressly provided for under the law.[8] To hold otherwise, a seizure of a strictly personal right under these facts would be a deprivation of property without due process of law.

Treatise Not Controlling

The plaintiff advances, as her primary authority in support of the legality of the seizure of Ms. Theus’s inchoate rights and causes of action against the defendants, the following commentary relative to excess liability procedures:
| ^Claims against insurers, however, have been asserted in several different ways. The insureds have settled the excess judgments and brought suit for the amount of the settlement. Insureds have assigned their rights to the judgment creditor in settlement of the excess judgment, and the claims have been asserted by the assignee. Also, the insured’s claim may be seized and asserted by the judgment creditor. None of these procedures has been questioned in the jurisprudence.
15 W.S. McKenzie & H.A. Johnson, Louisiana Civil Law Treatise: Insurance Law And Practice, Excess Liability Procedures § 222 (3d ed.2006) (emphasis added).
Relying solely on this excerpt, which was referenced in part by the court of appeal, the plaintiff maintains that she, in her capacity as a judgment creditor, was expressly empowered to obtain the issuance of a writ of fieri facias and seize any of Ms. Theus’s assets, including the rights to file an excess claim against her insurer for bad faith.
Addressing the plaintiffs legal basis for the seizure, we acknowledge treatises can be useful in the absence of clear guidance from Louisiana statutory and case law. However, while the cited treatise commentary is germane to the question at bar, it is not controlling and does not provide sufficient authoritative basis for the seizure of such an innately personal right as that involving the choice to institute litigation against a third party.[9]

Potential Abuse in Execution of Money Judgments

In concluding that an unexercised right to file suit is not subject to seizure, we are confident that we have reached a practical and just result in this matter. To hold *789 otherwise, we would be inviting potential abuse in the execution of money judgments. In support, we are cautioned by the fact there is no judicial proceeding involved in the issuance of a writ of fieri facias wherein the legality of the proposed seizure is |Maddressed. Rather, the clerk of court is vested with the sole ministerial authority regarding the issuance of a writ of fieri facias under ordinary process. La. C.C.P. art. 2253. In the instant case, the language in the writ issued by the Webster Parish Clerk of Court relevant to the property subject of seizure, and that which was subsequently executed on, was verbatim that which the plaintiff articulated in her formal written request for the issuance of the writ. The order was rather limited in scope regarding the seizure of inchoate rights, insofar as it only confiscated, albeit without legal basis, the potential claims Ms. Theus had against the defendants stemming from their alleged misconduct giving rise to the excess judgment.
With this in mind, in allowing the seizure of inchoate rights, we foresee misuse of the executory procedure wherein the language pertinent to that being seized is overly broad and vague. Inclusion of language articulating the seizure of “any claims, rights or causes of action a judgment debtor may have against any party” would not be too far removed from the instant matter. Under such circumstances, the execution of money judgments would be left to the unfettered and unbridled discretion of judgment creditors taking any measure through ordinary process to seek recovery under the guise of a legally executed writ of fieri facias. We will not endorse the potential abuse of an artfully crafted procedural mechanism enacted by the Louisiana Legislature to provide proper redress to creditors for their monetary losses. See Johnson, v. St. Paul Mercury Ins. Co., 256 La. 289, 236 So.2d 216, 218 (1970) (“Fundamental and elementary principles recognize that certainty and constancy of the law are indispensable to orderly social intercourse, a sound economic climate, and a stable government.”), overruled on other grounds, Jagers v. Royal Indem. Co., 276 So.2d 309 (La.1973).
While we are sympathetic to the fact the plaintiff has a real and actual interest 11sin collecting on the excess judgment rendered in her favor against Ms. Theus, her claims are not without limitation and are only enforceable within the confines of the law. The mere existence of the money judgment does not, in and of itself, afford the plaintiff the right of action to institute litigation premised on a constructive seizure of a judgment debtor’s strictly personal right that would have otherwise been barred in the absence of the judgment. In sum, we find no error in the court of appeal’s conclusion that an inchoate right to file suit is not subject to seizure by writ of fieri facias.

Remaining Procedural Claims

In her third and fourth assignments of error, the plaintiff contends the court of appeal failed to acknowledge that she acquired by acquisitive prescription Ms. Theus’s rights and claims to file suit against the defendants. In support, she urges the inchoate right to file suit is an incorporeal movable subject to a three-year acquisitive prescriptive period. She relies on Louisiana Civil Code article 3490, which states “[o]ne who has possessed a movable as owner, in good faith, under an act sufficient to transfer ownership, and without interruption for three years, acquires ownership by prescription.” Based on such, the plaintiff maintains she has had uninterrupted and continuous possession of Ms. Theus’s inchoate rights since July 18, 2001, the day she sought issuance of the writ of fieri facias. Further, she alleges due to the defendants’ six-year delay *790 in procedurally objecting to her right to file suit, they should be estopped and/or have acquiesced in the seizure.
We find no merit in the plaintiffs contentions. Particularly, we find her reliance on Louisiana Civil Code article 3490 to be misplaced. Louisiana Civil Code article 3446 provides “[ajcquisitive prescription is a mode of acquiring ownership or other real rights by possession for a period of time.” Generally, it applies to real | lfirights, which confer direct and immediate authority over a thing. La. C.C. art. 476 (comment (a)). However, as we have already stated, the right to institute suit is a strictly personal, inchoate right not susceptible to involuntary relinquishment. As such, it logically follows that it is not subject to adverse possession and the tolling of acquisitive prescription in the manner asserted by the plaintiff.
Furthermore, the plaintiff cites no legal basis to support her estoppel argument. By contrast, the law provides a defendant’s motion for summary judgment “may be made at any time.” La. C.C.P. art. 966(A)(1). It is undisputed the summary judgment procedure is favored, so as to achieve a just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). The appellate review of the defendants’ claims in response to the petition was in furtherance of and accomplished these procedural ends. Therefore, we find no error on the part of the court of appeal in this regard.
Finally, in the alternative to their argument as to the impropriety of the seizure, the defendants contend the plaintiff has no cause and/or right of action because the bad faith claims asserted pursuant to Louisiana Revised Statutes 22:658 and 22:1221 are contractual in nature, and can only be raised by their insured, Ms. Theus. Our determination that the suit was improperly brought, based on the defectiveness of the seizure of Ms. Theus’s inchoate rights, pre-termits a discussion of the merits of the defendants’ procedural claims.
CONCLUSION
Accordingly, we conclude the defendants sustained their burden of proof under Louisiana Code of Civil Procedure article 966 for purposes of summary judgment. There was no legal basis for the seizure of Ms. Theus’s inchoate rights to file suit and, consequently, the absence of a legal foundation for the plaintiffs action against the 117defendants. Because no genuine issue of fact warranting trial exists, the defendants are entitled to judgment as a matter of law. La. C.C.P. art. 966.
DECREE
For the reasons stated herein, the judgment of the court of appeal is affirmed and the case is remanded for further proceedings in accordance with this ruling.[10]
AFFIRMED AND REMANDED.
KIMBALL, J., dissents and assigns reasons.
JOHNSON, J., dissents.

. As a result of the collision, the plaintiff fractured eleven (11) teeth, which warranted ■ twelve (12) crowns and eleven (11) root canals. She was also prescribed occlusal splint therapy to alleviate her temporomandibular joint ("TMJ”) symptoms (i.e., chronic headaches, pain).

. Specifically, the trial court apportioned damages in the amounts of $14,111.86 for past medical expenses, $5,000.00 for dental expenses, and $55,000.00 for general damages.

. In addition to the seizure of any interest Ms. Theus may have had in instituting suit against Illinois National, the writ of fieri facias included the seizure of three tracts of immovable property owned by Ms. Theus, but allegedly adjudicated to the Webster Parish Police Jury for non-payment of taxes. The seizure encompassed Ms. Theus's redemption rights for the tracts of land, as well as any resulting ownership rights. Further, the writ of fieri facias seized Ms. Theus’s interest in a succession proceeding pending in the 26th Judicial District Court for the Parish of Webster, State of Louisiana.

. "Inchoate right” is defined in Black’s Law Dictionary 777 (8th ed.2004) as "[a] right that has not fully developed, matured or vested.”

.Louisiana Civil Code article 2652, entitled "Sale of litigious rights,” provides:
When a litigious right is assigned, the debt- or may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment.
A right is litigious, for that purpose, when it is contested in a suit already filed. Nevertheless, the debtor may not thus extinguish his obligation when the assignment has been made to a co-owner of the assigned right, or to a possessor of the thing subject to the litigious right.
(Emphasis added.)

. In Parich, the court related:
Under Louisiana law, a right to recover from another, whether it is a debt, an account receivable, a judgment, or a cause of action, may be sold or assigned to a third party. However, a mere dispute may not be. See generally La. Civ.Code, Title VII, ch. 12 (“Of the Assignment or Transfer of Credits and Other Incorporeal Rights”). When the right to be assigned is only a cause of *786 action, the law recognizes the incentive to foment litigation and the possibilities of barratry and champerty, and thus places special limitations on the ability to transfer these litigious rights. Clement v. Sneed Bros., 238 La. 614, 116 So.2d 269 (1959) (purpose of these articles is prevention of unnecessary litigation). A nascent cause of action for a tort that is nothing more than a dispute between two parties is not transferable. Hawthorne v. Humble Oil & Refining Co., 210 So.2d 110 (La.App. 1st Cir.), cert. denied, 252 La. 832, 214 So.2d 160 (1968). See U.S. Fidelity & Guaranty Co. v. Richardson, 486 So.2d 929 (La.App. 1st Cir.1986) (under La. Civ.Code art. 2653, where no contestation has developed, the right is not litigious; radrer, it is only an incorporeal right more in the nature of a dispute). Once a dispute has developed into an actual lawsuit with a contestation or denial of liability by the defendant, however, it becomes a litigious right. Id. Such a litigious right is freely assignable. See La. Civ.Code Ann. art. 2652.
Id., 919 So.2d at 917, n. 3 (emphasis added).

7. In the jurisprudence, a writ of fieri facias is often referred to as a “writ of fi fa.”

. The law does provide for the seizure of a litigious right by writ of fieri facias. See La. R.S. 13:3863, et seq. As to the seizure of litigious rights, a seizing creditor is generally prohibited from interfering with the progress of the suit, acquiring control of the action or selling the rights and interests under the seizure. Essentially, the seizure only gives the judgment creditor a lien or preference on what the debtor realizes from the suit. La. R.S. 13:3865.
However, the seizure of a litigious right is different from a seizure of an inchoate right. The former is subsequent to the debtor's exercise of his right to file suit, unlike the seizure of an inchoate right where the debtor’s intent to file suit is not evidenced until the actual filing of the lawsuit or the expiration of the filing delay.

. Logically, our conclusion that Ms. Theus’s inchoate causes of action at issue are strictly personal rights discredits any reliance on the treatise excerpt authored by Professor Yian-nopoulos, and referenced by the court of appeal, that any patrimonial right of the debtor should seemingly be subject to seizure by a creditor, unless it is strictly personal. See Yiannopoulos, supra.

. During a stage in the trial court proceedings, Ms. Theus filed a petition for intervention joining in the plaintiff’s claims. Following the court of appeal's ruling granting summary judgment, the defendants filed in the trial court numerous procedural exceptions to defeat Ms. Theus's interest in the action. While the fact of the filing of the petition was raised in brief and at oral argument in this Court, the record does not include any of the pleadings pertaining to the intervention. According to the parties, all actions in the trial court have been suspended pending a ruling by this Court in the instant proceeding.