NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-437

THERESA GIBSON

VERSUS

LAFAYETTE INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-3085G
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and James T. Genovese, Judges.

REVERSED AND REMANDED.

James Paul Lambert
P. O. Box 53083
Lafayette, LA 70505-3083
(337) 261-3737
Counsel for Plaintiff/Appellee:
Theresa Gibson

**Kraig Thomas Strenge**
**P.O. Box 52292**
**Lafayette, LA 70502-2292**
**(337) 261-9722**
**Counsel for Defendant/Appellee:**
**Charles R. Walker**

**Thomas Joseph Solari**
**Woodley, Williams Law Firm L.L.C.**
**P. O. Box 3731**
**Lake Charles, LA 70602-3731**
**(337) 433-6328**
**Counsel for Defendants/Appellants:**
**Lafayette Insurance Company**
**LASSCO, L.L.C.**

**Jeremy A. Hebert**
**Becker & Associates**
**P. O. Box 52085**
**Lafayette, LA 70505**
**(337) 233-1987**
**Counsel for Plaintiff/Appellee:**
**Theresa Gibson**

**EZELL, JUDGE**.

LASSCO, L.L.C. and Lafayette Insurance Company appeal a trial court judgment finding that LASSCO was the owner of a truck that was involved in an accident. Defendants claim that summary judgment was inappropriate on this issue as it called for judgment on subjective facts which are inappropriate for summary judgment issues.

**FACTS**

On December 12, 2006, Charles Walker was traveling home on Enterprise Boulevard in Lake Charles when he lost control of the 1996 Chevrolet pickup truck he was driving and hit a tree in the median. Theresa Gibson was a passenger in the truck and was injured as a result of the accident.

At the time of the accident, Mr. Walker was employed by LASSCO. Ms. Gibson filed suit against Mr. Walker and Lafayette Insurance Company, the insurer of vehicles owned by LASSCO. The Defendants filed a motion for summary judgment claiming that LASSCO did not own the truck at the time of the accident. Subsequently, Ms. Gibson also filed a motion for partial summary judgment alleging that Lafayette Insurance Company was the insurer of the truck.

A hearing on both motions for summary judgment was held on December 11, 2008. The trial court found that a sale had not been completed so that LASSCO was still owner of the truck at the time of the accident. Therefore, the trial court granted Ms. Gibson's motion for summary judgment and denied the Defendants' motion for summary judgment. Judgment was signed on January 12, 2009. The Defendants then appealed the granting of Ms. Gibson's partial motion for summary judgment.

1

# DISCUSSION

Defendants claim that summary judgment finding that LASSCO was the owner of the truck was inappropriate because there were material issues of fact as to whether LASSCO and Mr. Walker considered that the sale of the truck was complete.

> Appellate review of the granting of a motion for summary judgment is *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Bonin v. Westport Ins. Corp.*, 05-0886, p. 4 (La.5/17/06), 930 So.2d 906, 910; *Schroeder v. Bd. of Sup'rs of La. State Univ.*, 591 So.2d 342, 345 (La.1991). A motion for summary judgment is a procedural device used when there is no genuine issue of material fact. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and shall be construed to favorably accomplish these ends. La. C.C.P. art. 966(A)(2). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; *Duncan v. USAA Ins. Co.*, 06-0363, p. 4 (La.11/29/06), 950 So.2d 544, 546-547. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Hines*, 876 So.2d at 765-766.

*King v. Illinois Nat. Ins. Co.*, 08-1491, p. 6 (La. 4/3/09), 9 So.3d 780, 784.

Therefore, we have made a *de novo* review of the evidence submitted on behalf of Ms. Gibson to determine if the trial court was correct in determining that ownership of the truck had not passed from LASSCO to Mr. Walker.

Ms. Gibson argues that ownership of the truck did not transfer to Mr. Walker because the agreement to sell the truck was subject to a suspensive condition. Specifically, she argues that Mr. Walker had to obtain a valid Louisiana driver's license before ownership transferred.

Pursuant to La.Civ.Code art. 2456, "[o]wnership is transferred between the parties as soon as there is agreement on the thing and the price is fixed, even though the thing sold is not yet delivered nor the price paid." Furthermore, "[a] conditional obligation is one dependent on an uncertain event." La.Civ.Code art. 1767. A conditional obligation is suspensive if the obligation may not be enforced until an uncertain event occurs. *Id.* *See also Swido v. Lafayette Ins. Co.*, 04-1674 (La.App. 3 Cir. 11/2/05), 916 So.2d 399, *writ denied*, 05-2509 (La. 3/31/06), 925 So.2d 1261.

In *Kershaw v. Deshotel*, 179 So.2d 528, 531(La.App. 3 Cir. 1965), the sale of a vehicle "was contracted on the suspensive condition that the Buyer's Order be approved by an official of the company and by a finance company as to any deferred balance." The court held that "[o]wnership of the vehicle was not transferred until the fulfillment of these conditions."[1]

In *Sherman v. State Farm Mut. Auto Ins. Co.*, 413 So.2d 644 (La.App. 1 Cir.), *writ denied*, 414 So.2d 776 (La.1982), the first circuit cited *Kershaw* and found that ownership of a vehicle had never transferred because certain suspensive conditions had not been fulfilled. In *Sherman,* the sale from Sugarland Homes, Inc. to the negligent driver's father was suspended until the bank allowed the father to assume the note on the car or until the father secured new financing with Sugarland becoming the co-maker on a new note.

The court in *Sherman*, 413 So.2d at 648, made the following observations:

> There is no dispute that Eason secured delivery of the truck from the moment of his employment with Sugarland, and not from the moment of the alleged sale in July. It is clear from the testimony that Mr. Eason treated the truck no differently after July than he did before July. It is also clear that Mr. Eason made no payments on the truck, thus indicating he did not assume the outstanding mortgage. As far as Mr. Eason knew,

---

[1]*Kershaw*, 179 So.2d 528, relied on former La.Civ.Code art. 2471, which provided, in pertinent part: "A sale, made with a suspensive condition, does not transfer the property to the buyer, until the fulfillment of the condition."

3

the secretary at Sugarland continued to make the note payments. There was no testimony offered or evidence introduced to show that monthly payments were not still being made by Sugarland on the chattel mortgage on the truck or that Sugarland was in default on said payments. Sugarland did not notify State Farm that the truck was sold, or to cancel coverage on that truck. Sugarland provided Eason with the truck while he was employed at Sugarland, and while he was a subcontractor for Sugarland. The record does not reflect that there was any change in the relationships between the truck, Mr. Eason, Sugarland or State Farm after July, 1979, as appellant would have this Court believe.

In support of her motion for summary judgment, Ms. Gibson introduced the deposition of David Brumby, one of the owners of LASSCO. LASSCO is a petroleum contractor which constructs and maintains fueling facilities. Mr. Brumby testified that the company owned a 1996 Chevrolet extended cab pickup truck. This truck was used primarily by LASSCO for service calls. While employed with LASSCO, Mr. Walker used the truck. Mr. Walker would take the truck home on weekends in case he had a service call. Mr. Walker also had permission to use the truck on occasion for personal reasons.

Mr. Brumby agreed to sell the truck to Mr. Walker for $500.00. Mr. Brumby testified that Mr. Walker had paid for the truck by making five payments from October 19, 2006 to November 16, 2006. Mr. Brumby stated that the truck then became Mr. Walker's personal truck. However, Mr. Brumby testified that he was waiting on Mr. Walker to get his affairs in order before a bill of sale was executed and the transfer of title took place. Specifically, Mr. Walker needed to get a valid Louisiana driver's license because his had expired. Mr. Brumby also agreed that he did not make any effort to have his insurance company remove the truck from the fleet insurance policy issued by Lafayette Insurance Company.

Mr. Walker's deposition testimony reveals that after he made all the payments, he continued to use the truck off and on for LASSCO's business purposes up until the

accident. The truck still had the LASSCO magnetic stickers on it, and LASSCO tools were in it. The truck was even used to transport LASSCO workers on occasion. Although Mr. Walker admitted he was driving it as his own, he testified that he would not have used it in the business if all the paperwork had been completed. At the time of the accident, Mr. Walker had not purchased personal insurance on the truck.

While we agree with Mr. Walker that all evidence seems to indicate that Mr. Walker had not cleared up his driver's license problems, there is no testimony or evidence in support of the fact that Mr. Walker's driver's license problems were still at issue when he got in the accident. Therefore, a genuine issue of material fact still exists and summary judgment was inappropriate.

For these reasons, the judgment of the trial court is reversed. This case is remanded for further proceedings. Costs of this appeal are assessed to Theresa Gibson.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules - Courts of Appeal, Rule 2-16.3.