GASKINS, J.
 

 hln this workers’ compensation case, the City of Shreveport (“the City”) contends that the claimant, William Watkins, should have been prohibited by
 
 res judicata
 
 from
 
 *347
 
 asserting a supplemental motion for summary judgment after an initial motion for summary judgment on the same issue had been denied. We affirm.
 

 FACTS
 

 The claimant was employed by the City as a crew member. On December 19, 2006, while working, he stepped in a hole washed out by water on the side of Interstate 20 in Shreveport. As a result, he injured his lower back. On June 5, 2007, the claimant filed a disputed claim for compensation with the Office of Workers’ Compensation. He complained that while his doctor, Dr. Anil Nanda, and the employer’s doctor, Dr. Don Smith, agreed that he required surgery, it had not been approved by the employer. In its answer, the City admitted that the claimant was injured in the course and scope of his employment. However, it denied that the claimant suffered any disability or was entitled to any surgery.
 

 The claimant filed a motion for summary judgment on September 26, 2007. He asserted that he had worked for the City for about 22 years; he injured his back in 1981, had surgery and returned to work. In December 2006, however, he aggravated his preexisting condition when he stepped in a hole. Dr. Nanda, his treating neurosurgeon, opined that stepping in the hole aggravated his condition and caused his symptoms. While Dr. Smith, the employer’s doctor, opined that the back condition predated the 2006 accident, he could not rule out the December 2006 accident as aggravating 12the claimant’s preexisting condition. The claimant requested that summary judgment be granted and that the City be ordered to provide the surgery.
 

 In October 2007, the City requested an independent medical examination (IME). It also filed an opposition to the claimant’s motion for summary judgment. In turn, the claimant opposed the City’s request for an IME. On November 2, 2007, Brenza Irving, the workers’ compensation judge (WCJ), granted the request for an IME to be performed by Dr. Bernie McHugh, a neurosurgeon, on the issues of causation and the necessity for surgery. However, due to genuine issues of material fact as to causation and the necessity of the surgery, WCJ Irving denied the motion for summary judgment.
 

 After receiving Dr. McHugh’s report indicating that the claimant had suffered an exacerbation of a preexisting condition, the claimant filed a supplemental memorandum in April 2008, in support of his motion of summary judgment, which he reasserted.
 

 In May 2008, the City filed an exception of
 
 res judicata,
 
 arguing that the issues in the motion for summary judgment had been adjudicated and that there was no showing of any new information that gave rise to a lack of genuine issue of material fact that would allow summary judgment in the claimant’s favor. In opposition to the exception, the claimant asserted that Dr. McHugh’s report was new evidence. Furthermore, he argued that there is no prohibition to reasserting a motion for summary judgment.
 

 By judgment signed on September 25, 2008, WCJ Ryan Gatti granted the claimant’s motion for summary judgment. The judgment decreed that [sthere was no genuine issue of material fact and that the claimant was entitled to summary judgment. Surgery as proposed by Dr. Nanda was approved and payment pursuant to the Workers’ Compensation Law was ordered.
 

 On October 2, 2008, the City requested written reasons and reconsideration of its exception of
 
 res judicata.
 
 The claimant
 
 *348
 
 opposed the motion for reconsideration. On October 24, 2008, the City filed a motion for devolutive appeal from the judgment of September 25, 2008.
 

 Following a hearing on November 7, 2008, WCJ Gatti signed a judgment denying the exception of
 
 res judicata;
 
 he assigned as written reasons the argument set forth in the claimant’s memorandum in support of the motion for summary judgment, as well as the arguments in opposition to the exception of
 
 res judicata.
 

 The City appeals.
 

 LAW AND DISCUSSION
 

 The appellate court’s review of a grant or denial
 
 of
 
 a summary judgment is
 
 de novo. Independent Fire Insurance Company v. Sunbeam Corporation,
 
 1999-2181, 1999-2257 (La.2/29/00), 755 So.2d 226;
 
 Schroeder v. Board of Supervisors of Louisiana State University,
 
 591 So.2d 342 (La. 1991). A motion for summary judgment is a procedural device used when there is no genuine issue of material fact.
 
 King v. Illinois National Insurance Company,
 
 2008-1491 (La.4/3/09), 9 So.3d 780. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. La. C.C.P. art. |4966(A)(2). A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
 

 The only real issue presented here is whether the WCJ could entertain the claimant’s reurged motion for summary judgment. The jurisprudence has consistently found no error in a second motion for summary judgment being heard after the previous motion was denied. See
 
 Belt v. Wheeler,
 
 36,585 (La.App.2d Cir.12/18/02), 833 So.2d 1256;
 
 Rogers v. Horseshoe Entertainment,
 
 32,800 (La. App.2d Cir.8/1/00), 766 So.2d 595,
 
 writs denied,
 
 2000-2894 (La.12/8/00), 776 So.2d 463, and 2000-2905 (La.12/8/00), 776 So.2d 464;
 
 Ward v. Hermitage Insurance Co.,
 
 28,236 (La.App.2d Cir.4/3/96), 671 So.2d 1229,
 
 writ denied,
 
 96-1141 (La.9/3/96), 678 So.2d 554;
 
 Melton v. Miley,
 
 1998-1437 (La.App. 1st Cir.9/24/99), 754 So.2d 1088,
 
 writ denied,
 
 1999-3089 (La.1/7/00), 752 So.2d 867;
 
 Ejferson v. Link Belt Corporation,
 
 476 So.2d 528 (La.App. 1st Cir.1985). Therefore, the WCJ did not err in considering the claimant’s supplemental motion for summary judgment. When new evidence has been introduced after a denial of a motion for summary judgment, the court may reconsider the motion. Here, new evidence, i.e., Dr. McHugh’s IME report, was presented by the claimant in support of his motion. This new evidence and the medical evidence previously submitted in support of the motion demonstrated that the claimant was entitled to summary judgment.
 

 | .^Furthermore, contrary to the City’s assertion, the motion for summary judgment — which is merely a procedural device — was not a “transaction or occurrence” in the context of La. C.C.P. art. 425, which deals with preclusion by judgment, or La. R.S. 13:4231, which concerns
 
 res judicata.
 
 In particular, we note that the doctrine of
 
 res judicata
 
 is inapplicable to the instant case.
 

 CONCLUSION
 

 The WCJ’s ruling is affirmed. Costs of this appeal are assessed against the City of Shreveport in accordance with the provisions of La. R.S. 13:5112 in the amount of $476.57.
 

 AFFIRMED.