833 So.2d 921 (2002)
Bobbie M. ROLLINS, et al.
v.
Johnny M. RICHARDSON, Jr., et al.
No. 2002-C-0556.
Supreme Court of Louisiana.
December 4, 2002.
Rehearing Denied January 24, 2003.
*922 Patricia N. Miramon, Shreveport, Counsel for Applicant.
Dale G. Cox, Mary Louis Coon Blackley, Shreveport, Thomas A. Bordelon, Natchitoches, Counsel for Respondent.
WEIMER, J.
We granted certiorari in this case to consider whether the lower courts erred in granting summary judgment in favor of Allstate Insurance Company ("Allstate") dismissing all claims against it upon the finding that a compromise between the plaintiff and Allstate's insured extinguished the insured's delictual obligation and thereby terminated coverage under Allstate's policy. For the reasons assigned, we conclude that summary judgment should not have been granted in this case. Accordingly, we reverse the judgment of the court of appeal in its entirety. Likewise, we reverse the district court's grant of summary judgment in favor of Allstate and remand the case to the district court for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY
Bobbie Rollins, the adoptive mother of Tajessica Lucky, filed suit against her neighbors, Annie and Johnnie Richardson, after Tajessica developed mediastinal fibrosis, a severe and debilitating medical condition secondary to and/or resulting from histoplasmosis infection. The petition alleges that the Richardsons continuously kept chickens on their residential property, and, in addition, stored grocery store and restaurant waste on the property. According to the petition, the unsanitary conditions on the Richardson's property caused Tajessica's illness.[1]
The Richardsons answered the petition, denying liability, and brought a third party demand against their insurer, Allstate. The third party demand alleges that Allstate issued a homeowner's insurance policy to the Richardsons, and that the Richardsons are entitled to full indemnification under the policy in the event that an adverse judgment is rendered against them.
Allstate answered the Richardsons' third party demand and denied coverage under a policy exclusion regarding bodily injury resulting from the discharge, dispersal, release, or escape of vapors, fumes, acids, toxic chemicals, toxic gases, toxic liquids and solids, waste material or other irritants, contaminants or pollutants (the "pollution exclusion" of the policy). Although Allstate denied coverage under its policy, it did provide the Richardsons with a defense. It was the defense counsel provided by Allstate who filed the answer and *923 third party demand on behalf of the Richardsons.
The case was set for trial on March 23, 2000. Less than two weeks prior to the scheduled commencement of trial, the plaintiff entered into a settlement agreement with the Richardsons. On March 10, 2000, the parties executed an "Assignment of Rights and Subrogation Agreement" wherein, in consideration for being dismissed from the lawsuit, the Richardsons "assign[ed], transfer[red], and subrogate[d] unto plaintiffs, Bobbie M. Rollins, individually and on behalf of the minor child Tajessica Nicole Lucky, any claims or rights against Allstate Insurance Company pursuant to any policy issued to us or for our benefit." In addition, the Richardsons transferred to the plaintiff any rights they had pursuant to the third party demand filed against Allstate. The settlement was negotiated by counsel for the Richardsons with the knowledge and consent of the Allstate claims representative assigned to the Richardsons' file. During the course of settlement negotiations, that claims representative was asked if Allstate would object to the amendment of plaintiff's petition to name Allstate as a direct defendant in the lawsuit. The Allstate claims representative responded that Allstate would not object to the late amendment. Thereafter, counsel representing Allstate on the third party demand and the separate claims representative assigned by Allstate to that third party demand were informed that a settlement had been reached between the plaintiff and the Richardsons and that Allstate had agreed not to object to the amendment of plaintiff's petition to add Allstate as a direct defendant.
On March 15, 2000, plaintiff filed a second supplemental and amending petition naming Allstate as a defendant in the main demand. Pursuant to its previous agreement, Allstate did not object to its addition as a defendant. Thereafter, on March 20, 2000, plaintiff and the Richardsons filed a partial motion to dismiss, "dismissing with prejudice all claims against Johnny M. Richardson, Jr. and Annie M. Richardson," and expressly reserving "any and all rights against remaining defendants including ALLSTATE INSURANCE COMPANY as insurer of Johnny M. Richardson, Jr. and Annie M. Richardson and as third party defendants."
Trial was continued. Thereafter, on June 23, 2000, plaintiff amended her petition for a third time to allege that Allstate had failed to properly handle and defend the claims against the Richardsons and that it had acted in bad faith, entitling the Richardsons to penalties and attorney's fees. Plaintiff further alleged that the Richardsons had assigned their claims against Allstate to her.
Allstate answered the plaintiff's petition denying liability on the basis of certain enumerated policy provisions. It additionally asserted peremptory exceptions of no cause or no right of action and res judicata in response to plaintiff's third supplemental and amending petition.
Allstate's assertions were presented to the district court through a motion for summary judgment and the peremptory exceptions of failure to join indispensable parties and res judicata. In the motion for summary judgment, Allstate argued that there was no longer any coverage afforded under the Richardsons' policy because that policy only covers damages that the insured becomes "legally obligated to pay." Since the claims against the Richardsons had been dismissed with prejudice, Allstate argued that its indemnification obligation had ceased. In support of its summary judgment motion, Allstate offered a copy of its policy and of the Assignment of Rights and Subrogation Agreement between *924 the plaintiff and the Richardsons. In opposition to that motion, the plaintiff introduced a copy of a letter agreement between plaintiff's counsel and counsel for the Richardsons, outlining the terms of the proposed settlement between the parties.
Following a contradictory hearing on Allstate's motion for summary judgment and exceptions of res judicata and non-joinder, the district court granted Allstate's summary judgment in part and denied it in part. The court denied summary judgment with respect to the claims arising from Allstate's alleged bad faith in handling and defending the claims against the Richardsons, concluding that disputed genuine issues of material fact preclude summary judgment as to these claims, assigned by the Richardsons to plaintiff. However, the district court granted summary judgment in favor of Allstate on the coverage issue. The court found that, pursuant to the terms and conditions of the Allstate policy, coverage is only provided for damages which the insured becomes legally obligated to pay. Since the insureds in this case (the Richardsons) were dismissed from the lawsuit with prejudice, they can no longer be found liable to plaintiff. As a result, Allstate can have no liability to the plaintiff under the express terms of its policy.
Allstate requested certification of the partial summary judgment in its favor. Following the district court's certification of the judgment as final, plaintiff appealed. Allstate answered that appeal, arguing that the district court erred in failing to dismiss plaintiff's claim for Allstate's alleged bad faith in handling and defending the claim against the Richardsons.[2]
The court of appeal affirmed the judgment of the district court in part and reversed and rendered in part.[3] The court affirmed that portion of the judgment granting summary judgment in favor of Allstate on the issue of coverage, finding that the compromise between the plaintiff and the Richardsons effected a complete extinguishment of the Richardsons' delictual obligation, thereby relieving Allstate of any liability under its policy. The court of appeal reversed the district court ruling denying Allstate's motion for summary judgment with respect to the claims for bad faith failure to defend and/or settle, finding that the plaintiff failed to demonstrate that she will be able to bear her burden of proof regarding these claims assigned to her by the Richardsons at trial.
Upon plaintiff's application, we granted certiorari to review the correctness of the lower courts' rulings.[4]

DISCUSSION
The sole issue presented for our consideration is whether summary judgment was properly granted in this case. After hearing oral arguments in this matter, we conclude that summary judgment should not have been granted. As the court of appeal correctly recognized, the intent of the parties to the compromise is central to the resolution of this case. Rollins v. Richardson, 35,171 (La.App. 2 Cir. 12/7/01), 803 So.2d 1028, 1033 ("[W]e find that the intent of the parties to a settlement or compromise between a plaintiff and an insured tortfeasor must be examined to determine whether the tortfeasor's *925 delictual obligation to which the insurance coverage applies has been released."). See also, Futch v. Fidelity & Cas. Co. of New York, 246 La. 688, 166 So.2d 274, 277 (1964). Our review of the record reveals the existence of genuine issues of material fact relative to that intent. In particular, the record demonstrates that Allstate did not object, and in fact agreed, to the amendment of plaintiff's petition to name it as a direct defendant in the face of its knowledge that its insureds, the Richardsons, were being released. Because genuine issues of material fact exist with respect to the confection of the compromise and Allstate's role in that compromise, summary judgment should not have been granted in this case. Allstate's motion for summary judgment is denied, and the case is remanded to the district court for further proceedings consistent with this opinion.

DECREE
The judgment of the court of appeal is reversed. Likewise, the judgment of the trial court granting partial summary judgment in favor of Allstate is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.
VICTORY and TRAYLOR, JJ., dissents and assigns reasons.
VICTORY, J., dissenting.
In my view summary judgment in favor of Allstate Insurance Company ("Allstate") was correctly granted by the lower courts. Two weeks prior to trial, plaintiffs made a strategic decision to settle the lawsuit with their neighbors and to proceed directly against their neighbor's homeowner's insurer, Allstate. However, a plaintiff may not amend his petition to add a party defendant at such late date except by leave of court or written consent of the adverse party. La. C.C.P. art. 1151. Accordingly, plaintiffs asked Allstate if they would consent to plaintiffs amending their petition, two weeks prior to trial, to name Allstate as a direct defendant, and Allstate agreed. As stated by the majority, plaintiff then filed a second supplemental and amending petition naming Allstate as a defendant in the main demand, and, "[p]ursuant to its previous agreement, Allstate did not object to its addition as a defendant." Subsequently, Allstate filed a motion for summary judgment asserting that, because the policy only covers damages that the insured becomes "legally obligated to pay," and that, because the defendants had been dismissed with prejudice, Allstate's indemnification obligation had ceased. The lower courts agreed.
Now the majority, reasoning that "the intent of the parties to the compromise is central to the resolution of this case," and that there are "genuine issues of material fact relative to that intent," has reversed the summary judgment. It is important to note that Allstate was not a party to the compromise settlement. Further, there is no doubt what the plaintiffs and the defendants intended in confecting the compromise, nor in what the plaintiffs intended in adding Allstate as a defendant. The plaintiffs and defendants intended that the defendants be released from liability and that Allstate be named as a direct defendant, and Allstate agreed to be so named. However, Allstate was not asked to waive any policy defenses, and did not do so. Simply because the plaintiffs failed to realize that they created a policy defense when they released the defendants with prejudice does not create a genuine issue of material fact as to its intent.
For all of the above reasons, I respectfully dissent.
*926 TRAYLOR, J., dissents.
With respect to the coverage issue, this court has reversed both the trial court and the court of appeal based upon "genuine issues of material fact" that were not raised at the hearing on the summary judgment and evidence of which was not part of the record.
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that [the] mover is entitled to judgment as a matter of law." La.Code Civ. P. art. 966B. The article first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover. Racine v. Moon's Towing, 2001-2837 (La.5/14/02); 817 So.2d 21. Once that burden has been met, the burden shifts to the non-movant to show that there is, in fact, a genuine issue of material fact. See Racine, 817 So.2d at 25.
Here, Allstate, the movant, relied on its policy language which clearly states that Allstate is not liable for damages which its insured is not "legally obligated to pay." In opposition, plaintiff submitted only a letter agreement between plaintiff's counsel and Allstate's insured's counsel which discussed the terms of the settlement.
As recognized by the majority, and pointed out by the court of appeal, the intent of the parties to a settlement is paramount in determining whether the alleged tortfeasor's insurer has been released. Plaintiff, however, did not submit any evidence as to the intent of the parties to the settlement. The trial court correctly based its ruling on the motion for summary judgment on the evidence before it: the dismissal with prejudice of Allstate's insured, the Allstate policy language, and the letter agreement between counsel for the plaintiff and counsel for the insured. This court is now reversing that judgment based on evidence which was not before the trial court. Plaintiff had the burden of bringing the issue of the parties' intent before the trial court and failed to do so. This court's action is protecting the plaintiff from two fatal errors: (1) agreeing to dismiss with prejudice the insured when Allstate's policy language clearly states that there is no liability for damages the insured is not "legally obligated to pay," and (2) failing to submit evidence opposing the motion for summary judgment. Plaintiff has come before this court and asked, not for a second bite at the apple, but for a second and third, and has succeeded.
Even if, however, plaintiff had offered evidence as to the intent of the parties to the settlement agreement at the hearing on the motion for summary judgment, the motion for summary judgment should have been granted. As stated by the majority, Allstate agreed not to object to its late inclusion as a direct defendant in the lawsuit and, again as stated by the majority, Allstate did not object. Allstate had no responsibility under our adversarial legal system to point out to the plaintiffs that they were making a mistake. The majority has not stated one single valid reason in its opinion for protecting the plaintiff from her mistakes, but instead vaguely states that "the record reveals the existence of genuine issues of material fact" relating to the intent of the parties, the "confection of the compromise," and "Allstate's role in that compromise." To what record does the majority refer? Certainly not the record in the trial court.
Next, without even addressing it, this court has reversed the court of appeal's determination that plaintiff did not demonstrate her ability to bear her burden of proof at trial as to her claim against Allstate for bad faith in handling and defending *927 the claim. When the non-movant in a summary judgment proceeding would bear the burden of proof at trial on an issue, the movant can meet his burden of production of evidence by pointing out the lack of factual support for an essential element in the case. Racine, 817 So.2d at 24-5. "At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates that he or she will be able to meet the burden at trial." Racine, 817 So.2d at 25. When a motion for summary judgment is made and supported, an adverse party cannot rely on the allegations contained in his pleadings, but must set forth, by affidavit or otherwise, specific facts showing that there is a genuine issue for trial. La.Code Civ. P. art. 967. Plaintiff did not introduce any evidence which supported her bad faith claim, by affidavit or any other legal means. The court of appeal's determination that plaintiff had failed to demonstrate that she would be able to bear her burden of proof at trial was correct.
Because there is neither a factual nor a legal basis for reversing the courts below, I dissent.
NOTES
[1] The City of Shreveport was also named as a defendant based on allegations that the City had acted negligently in allowing the unsanitary conditions, of which it had notice, to continue.
[2] Allstate additionally assigned as error the district court ruling denying its exceptions of res judicata and non-joinder.
[3] Rollins v. Richardson, 35,171 (La.App. 2 Cir. 12/7/01), 803 So.2d 1028.
[4] Rollins v. Richardson, XXXX-XXXX (La.5/10/02), 815 So.2d 829.