900 So.2d 841 (2005)
Kim CARRIE
v.
LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY and Lawrence DeGrasse.
No. 2004-CA-1001.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 2005.
*842 John H. Denenea, Jr., Shearman-Denenea, L.L.C., New Orleans, LA, for Plaintiff/Appellant (Kim Carrie).
John E. McAuliffe, Jr., Frederick A. Miller & Associates, Metairie, LA, for Defendant/Appellee (State Farm Mutual Automobile Insurance Company).
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge MICHAEL E. KIRBY).
MICHAEL E. KIRBY, Judge.
This appeal arises from the trial court's grant of an Exception of Res Judicata and the Alternative Motion for Summary Judgment in favor of appellee, State Farm Mutual Insurance Company (State Farm), and against appellant, Kim Carrie (Carrie). For the reasons assigned, we reverse and remand.
On November 10, 2000, an automobile accident occurred involving vehicles driven by Carrie and Lawrence DeGrasse (DeGrasse). J.C. Nelson and Jean Nelson were the owners of the vehicle operated by DeGrasse. Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau) was the insurer of the Nelsons' vehicle.
On November 9, 2001, Carrie filed a Petition for Damages against DeGrasse and Farm Bureau. On April 23, 2002, Carrie filed a First Supplemental and Amending Petition adding GEICO Insurance Company, her uninsured motorist carrier, as a defendant.
Carrie settled with Farm Bureau for its policy limits of $10,000.00. On May 7, 2002, in connection with the settlement, Carrier signed a Restricted Receipt, Release and Indemnity Agreement (the Release). The Release provides, in pertinent part:
THAT I, KIM CARRIE, for the sole consideration of the sum of TEN THOUSAND AND NO/100 ($10,000.00) DOLLARS, . . . do hereby release and forever discharge LOUISIANA FARM BURAU CASUALTY INSURANCE COMPANY, J.C. NELSON, JEAN NELSON, and LAWRENCE DEGRASSE, ONLY, of and from any and all claims or demands of whatsoever kind or nature, for or because of any matter or thing done, omitted or suffered to be done by LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, J.C. NELSON, *843 JEAN NELSON, and LAWRENCE DEGRASSE, ONLY, . . . .
THE FOREGOING payment is also received in full compromise and settlement of any and all claims that I have or may have against the said LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, J.C. NELSON, JEAN NELSON and LAWRENCE DEGRASSE, ONLY, under the policy of insurance issued to J.C. NELSON and JEAN NELSON, whether under the liability, medical payments or any other feature of said policy as a result of the aforesaid accident.
On October 20, 2003, after learning that State Farm insured DeGrasse, Carrie filed a Second Supplemental and Amending Petition, naming State Farm as a defendant. In response, State Farm filed an Exception of Res Judicata and/or Motion for Summary Judgment seeking to be dismissed based on Carrie's release of their insured, DeGrasse.
Carrie filed an Opposition to State Farm's motions, raising the issue as to whether Carrie had intended to fully release all parties in the case. In support of her position, Carrie presented an affidavit stating the following:
1. It was her intent to retain all of her rights to whichever other insurance companies or policies may exist.
2. She specifically reserved her rights pursuant to La. C.P. art. 1803;
3. It was never her intent to completely dismiss the entire matter, but it was her intent to proceed against the next available insurance policy and/or company; and
4. After learning of the potential availability of coverage through State Farm, she added State Farm under the Direct Action Statute.
The trial court heard the matter on March 5, 2004. Judgment was rendered in favor of State Farm on March 16, 2004, dismissing Carrie's claims against State Farm with prejudice. Carrie's timely appeal followed.
Carrie argues that the trial court erred in finding that she released State Farm, where she expressly reserved her rights against all parties and insurers, which were available to her as solidary obligors. Carrie further maintains that the restricted language of the Release, together with the assertions of her affidavit, clearly show that it was her intent to maintain all of her rights and remedies against all other insurers, including GEICO and State Farm.
In opposition to this appeal, State Farm asserts that the Release constituted an authentic act, and that Carrie's affidavit should not be considered to alter the agreement with respect to her "intentions." It is further argued that by releasing DeGrasse, State Farm, as his alleged insurer, could not become legally obligated to pay anything to Carrie.
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. La. C.C. art. 3071; Dumas v. Angus Chemical Co., 31,969, p. 5 (La.App. 2 Cir. 8/20/99), 742 So.2d 655, 660. A release executed in exchange for consideration is a compromise. Brown v. Drillers, Inc., 93-1019 (La.1/14/94), 630 So.2d 741. A compromise regulates only the differences that appear clearly to be comprehended therein by the intention of the parties, "whether it be explained in a general or particular manner," and does not extend to differences that the parties never intended to include. *844 La. C.C. art. 3073; Ortego v. State, Dept. of Transp. and Development, 96-1322 (La.2/25/97), 689 So.2d 1358. Further, a general release will not necessarily bar recovery for those aspects of the claim not intended to be covered by the release. Dimitri v. Dimitri, 2000-2641, p. 5 (La. App. 4 Cir. 1/30/02), 809 So.2d 481, 485, citing Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961).
The parties' intent in executing a compromise is normally discerned from the four corners of the document; extrinsic evidence is normally inadmissible to explain, expand or contradict the terms of the instrument. Brown, supra. Nevertheless, when the parties to a compromise dispute its scope, they are permitted to raise factual issues regarding whether the unequivocal language of the instrument was intended to be truly unequivocal. Id. However, such latitude is granted only in the presence of some "substantiating evidence" of mistaken intent. Dimitri, supra. In Brown, the Supreme Court held that "substantiating evidence" must establish either: 1) that the releasor was mistaken as to what he or she was signing, even though fraud was not present; or 2) that the releasor did not fully understand the nature of the rights being released or that the releasor did not intend to release certain aspects of his or her claim.
In the absence of such evidence, the compromise is subject to the normal rules of contract analysis and enforced precisely as written. Brown, supra. Because Carrier has raised the issue of intent, we must consider the summary judgment evidence and determine whether it meets the criteria of Brown.
At the outset, we note that State Farm filed its action as an Exception of Res Judicata and Alternative Motion for Summary Judgment. The trial court ruled in favor of State Farm on both motions. It is well established, however, that a claim of res judicata on a compromise agreement must be brought by a party to the compromise. Ortego v. State, Dept. of Transp. and Development. Because State Farm was not a party to the Release, it cannot raise the plea of res judicata. Accordingly, we find that the trial court erred in granting the Exception of Res Judicata, and turn our analysis to whether the Motion for Summary Judgment was properly granted.
The recent Louisiana Supreme Court case of Rollins v. Richardson, XXXX-XXXX (La.12/4/02), 833 So.2d 921, involved facts similar to this case. Rollins involved a plaintiff who entered into a settlement agreement with the defendants, the Richardsons. The parties executed an Assignment of Rights and Subrogation Agreement wherein, in consideration for being dismissed from the lawsuit, the defendants assigned to Rollins any claims or rights against Allstate Insurance Company, the Richardsons' insurance carrier. In addition, Rollins filed an amended petition naming Allstate as a defendant in the main demand. Thereafter, Rollins and the Richardsons filed a partial motion to dismiss. The motion dismissed the Richardsons, but expressly reserved rights against Allstate, as the insurer of the Richardsons.
On a Motion For Summary Judgment, Allstate argued that there was no longer any coverage under the Richardsons' policy because the policy only covered damages that the Richardsons were legally obligated to pay. Allstate argued that its indemnification obligation was extinguished because the claims against the Richardsons had been dismissed with prejudice.
In Rollins, the appellate court affirmed the judgment of the district court granting *845 summary judgment in favor of Allstate on the issue of coverage. Rollins v. Richardson, 35,171 (La.App. 2 Cir. 12/7/01), 803 So.2d 1028. The Supreme Court reversed, finding that the intent of the parties to a settlement or compromise between a plaintiff and an insured tortfeasor must be examined to determine whether the tortfeasor's delictual obligation to which the insurance coverage applies has been released. The Supreme Court declined to grant summary judgment, stating that the record revealed genuine issues of material fact relative to the intent of the parties.
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two Feathers Enterprises, Inc. v. First National Bank of Commerce, 98-0465 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. This procedure is now favored and shall be construed to accomplish those ends. La. C.C.P. art. 966 A(2).
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Oakley. At that point, the party opposing the motion must "make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La. C.C.P. art. 966(C).
In the present case, the threshold question is whether Carrie intended to release State Farm. After a thorough review of the record, we reach the same result as in Rollins. More specifically, we find that genuine issues of material fact exist as to Carrie's intent with respect to the Release. The language of the Release suggests that Carrie did not intend to resolve her case completely, but intended to pursue all avenues of insurance coverage. Although Carrie did not specifically reserve her rights against State Farm, the last paragraph of the Release states in pertinent part:
FURTHER, pursuant to La. C.C.art. 1803, I expressly reserve any and all rights and claims, not heretofore released, against all other remaining persons, or parties or insurers, including, but not limited to my uninsured motorist carrier, GEICO.
As stated by the court in Brown, we must look to the factual circumstances surrounding the release to determine what the parties intended. Considering the language of the Release, together with the statement made by Carrie in her affidavit, that she did not know that State Farm insured DeGrasse at the time of the Release, it appears that Carrie did not intend to release State Farm. We therefore conclude that a genuine issue of fact exists, creating an issue as to the finality of the Release. Accordingly, we find that the trial court erred in granting the Motion for Summary Judgment in favor of State Farm.
For the foregoing reasons, the judgment of the trial court maintaining the Exception or Res Judicata and the Alternative *846 Motion for Summary Judgment is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ARMSTRONG, C.J., concurs in the result.
ARMSTRONG, C.J., concurring.
I respectfully concur in the result. The record reveals genuine issues of material fact concerning the intention of the parties to the release, thereby bringing this case within the ambit of Rollins v. Richardson, XXXX-XXXX (La.12/4/02), 833 So.2d 921.