STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1594

MARY PHYLLIS SOILEAU

VERSUS

SMITH TRUE VALUE AND RENTAL, ET AL.

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 69,770-B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

REVERSED AND RENDERED.

W. Glenn Soileau
Jacques P. Soileau
Soileau & Soileau
P. O. Box 344
Breaux Bridge, LA 70517
(337) 332-4561
COUNSEL FOR PLAINTIFF/APPELLEE:
    Mary Phyllis Soileau

Anthony C. Dupre
Attorney at Law
P. O. Drawer F
Ville Platte, LA 70586
(337) 363-3804
COUNSEL FOR DEFENDANT/APPELLEE:
    Smith True Value and Rental

**Bradley C. Myers**
**John F. Jakuback**
**Kean, Miller, Hawthorne, D'Armonf, McCowand & Jarman**
**P. O. Box 3513**
**Baton Rouge, LA 70821**
**(225) 387-0999**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Risk Management, Inc.**

**Peter F. Caviness**
**Steven J. Bienvenu**
**Dauzat, Falgoust, Caviness & Bienvenu, L.L.P.**
**P. O. Box 1450**
**Opelousas, LA 70571**
**(337) 942-5812**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Louisiana Municipal Risk Management**

**J. Michael Percy**
**Andrew P. Texada**
**Stafford, Stewart & Potter**
**P. O. Box 1711**
**Alexandria, LA 71309**
**(318) 487-4910**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Deere and Company**
**John Deere Limited**

**Richard J. Petre, Jr.**
**Onebane Law Firm**
**P. O. Box 3507**
**Lafayette, LA 70502**
**(337) 237-2660**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Smith's Hardware**

**Charles M. Lanier, Jr.**
**Mary Beth Meyer**
**Christovich & Kearney, LLC**
**601 Poydras Street, Suite 2300**
**New Orleans, LA 70130**
**(504) 561-5700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Hartford Insurance Company**

**Karen Day White**
**Louisiana Municipal Association**
**700 North Tenth Street, Suite 440**
**Baton Rouge, LA 70802**
**(225) 334-5001**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Louisiana Municipal Association**

**Rodney Janis**
**Wilson Elser Moskowitz Edelmen & Dicker LLP**
**222 Lakeview Avenue, Suite 500**
**West Palm Beach, FL 33401**
**(561) 515-4010**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Smith's Hardware**

**GREMILLION, Judge.**

The plaintiff, Mary Phyllis Soileau, and the defendant, Hartford Insurance Company, appeal a jury verdict in Soileau's favor. For the following reasons, we reverse the trial court's denial of Hartford's exception of no right of action, grant judgment in its favor, and dismiss it from the action.

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Mary Phyllis Soileau, sustained serious injuries following a November 2007 accident in which a John Deere front-end loader detached from a John Deere tractor and fell on her leg, shattering it. Soileau filed suit in April 2008, against Deere & Company (Deere), the Town of Mamou, and Harry Smith Jr., Claire Smith, Smith's Hardware (collectively Smith's), and Smith's insurer, Hartford Insurance Company. Smith's rented the John Deere equipment to the Town of Mamou, for whom Soileau was working supervising the cleaning out of canals with the front-end loader at the time the accident occurred.

Extensive litigation ensued. In May 2009, Soileau entered into a "high/low" agreement with Hartford in which she received a certain amount of money up front in exchange for Hartford's liability being capped at its policy limit of $2,500,000.00 regardless of the jury's verdict. The agreement was executed on May 20, 2009, and released Smith's of any personal obligation to Soileau.

Soileau settled with Deere in August 2010, and proceeded to trial against Smith's and Hartford. A jury trial was held over five days in October 2010. On the fourth day of trial, Soileau moved in open court to dismiss the Smiths personally and their company, Smith's Hardware. That same day, Hartford moved for a directed verdict based on its policy language that obligated it to pay only those sums that the insured becomes legally obligated to pay. The trial court denied the motion. Hartford also filed a peremptory exception of no right of action,

arguing that pursuant to the Louisiana Direct Action Statute, La.R.S. 22:1269, dismissal of Smith's terminated Soileau's action against it. The trial court denied Hartford's exception.

The jury found in favor of Soileau, apportioning Smith's with 15% of the fault, Mamou with 15%, and Deere with 70%. It awarded damages totaling $9,429,758.81. The trial court entered judgment against Hartford casting it with 15% of the damages, amounting to $1,074,463.82 (Hartford received a credit for sums it already paid pursuant to the high/low compromise agreement). The trial court further cast Hartford with 50% of Soileau's court costs.

Hartford, thereafter, filed a motion for judgment notwithstanding the verdict or, alternatively, for new trial, re-urging that Soileau had no claim against it under the language of its policy and under the direct action statute once Smith's was dismissed. Soileau also filed a motion for judgment notwithstanding the verdict regarding fault apportionment. The trial court denied Hartford's and Soileau's motions. Hartford and Soileau now appeal.

## ISSUES

Hartford assigns as error:

1. The trial court erred as a matter of law when it failed to dismiss Hartford after plaintiff dismissed Hartford's insureds, with prejudice, and extinguished the cause of action forming the basis for pursuing a direct action against Hartford.

2. The trial court erred as a matter of law when it allowed plaintiff to proceed against Hartford, alone, after plaintiff unconditionally dismissed Hartford's insureds, with prejudice, and none of the statutory bases under the Louisiana Direct Action Statute for bringing a direct action against an insurer alone applied.

3. The jury and the trial court erred as a matter of fact and law in finding Hartford liable to plaintiff when the terms of its insurance policy provide that Hartford is only liable for damages its insureds are legally obligated to pay and its

2

insureds were dismissed and could not be liable to pay anything to plaintiff.

4. The jury's award of $7.5 million in General Damages is unreasonable and abusively high in light of the record reviewed in its entirety.

5. The jury's verdict awarding $7.5 million in General Damages should be reversed because the award was tainted by an improper appeal to the jury's prejudice against insurance companies that prevented the jury from doing justice. Plaintiff's counsel dismissed Hartford's insureds in front of the jury and then, against the Court's warning, elicited testimony from plaintiff that she did not want to collect any money from the insureds and that money would be recovered solely from their insurance company, Hartford. Plaintiff's counsel then improperly informed the jury that plaintiff would not be able to collect money for any fault it assessed against Deere, the settling manufacturer, thereby encouraging the jury to increase its award of damages.

6. The jury's award of $750,000 in future medical expenses is speculative and supported neither by medical testimony of specific care that will be needed nor of the probable cost of any such future care and is contrary to the testimony of the physicians that she is *not* expected to have surgery in the future and is only expected to need periodic office exams and some medication.

Soileau assigns as error:

1. The trial court was erroneous in failing to instruct the jury concerning the burden of proving and apportioning fault under the Louisiana Product Liability Act; and/or the jury was erroneous in apportioning fault amongst the parties.

## DISCUSSION

Hartford's assignments of error one through three address the same issue: whether La.R.S. 22:1269 barred Soileau from pursuing Hartford alone once its insureds were dismissed from the litigation. Whether Soileau had capacity to proceed against Hartford alone (i.e., a valid right of action) is a legal question subject to de novo review. *See Shorter v. Akins*, 11-1553 (La.App. 3 Cir. 4/4/12), __ So.3d __. We find that the trial court legally erred in denying Hartford's exception of no right of action.

3

Louisiana Revised Statute 22:1269(B), formerly La.R.S. 22:665(B) states:

(1) The injured person or his survivors or heirs mentioned in Subsection A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only; however, such action may be brought against the insurer alone only when at least one of the following applies:

(a) The insured has been adjudged bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.

(b) The insured is insolvent.

(c) Service of citation or other process cannot be made on the insured.

(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.

(e) When the insurer is an uninsured motorist carrier.

(f) The insured is deceased.

In *Foltmer v. James*, 01-1510, pp. 4-5 (La.App. 4 Cir. 9/12/01), 799 So.2d 545, 548, *writ denied*, 01-2777 (La. 1/4/02), 805 So.2d 213 (citations omitted), the appellate court stated:

[T]he question regularly asked by courts considering whether a plaintiff has a right of action under the Louisiana Direct Action Statute is . . . "whether plaintiff has the right to invoke a remedy which the law extends only conditionally." The fact is that the Direct Action Statute extends a conditional right to file suit, to some parties under some circumstances. The reason the right is conditional is that no privity of contract exists between a plaintiff injured by a torfeasor and that torfeasor's insurance company. . . .[A]n injured party obtains a right of action against another person's insurance company only if all the requirements of LSA-R.S. 22:655(B) have been fulfilled. Accordingly, an insurance company that proves that the requirements of LSA-R.S.

4

22:655(B) have not been fulfilled is entitled to dismissal of the claim against it on an exception of no right of action.

Hartford argues that Soileau's dismissal of Smith's in open court relieved it of any obligation pursuant to the direct action statute.

Soileau argues that the direct action statute is inapplicable when the insured has been a party to the litigation from the outset and is dismissed from the litigation at the conclusion of trial pursuant to a valid compromise agreement and that the high/low agreement allowed her to proceed against Hartford alone. Soileau relies on *Rollins v. Richardson*, 02-556 (La. 12/4/02), 833 So.2d 921, and *Finnie v. Leblanc*, 03-1013 (La.App. 3 Cir. 3/10/04), 875 So.2d 71, in support of her argument.

***The High/Low Agreement***

Soileau argues that pursuant to the terms of the high/low agreement, she "reserved her rights to proceed against Harford . . . given that Smith's had been <u>released</u> of <u>personal</u> liability and was therefore 'judgment proof.'" This reliance is misplaced. Nowhere in the high/low agreement does Hartford agree to waive its rights under the direct action statute. There is no mention of the direct action statute in the agreement, a provision that could have easily been inserted. The agreement specifically provides for the reservation of the parties' rights as follows (emphasis added):

> 4. Neither the existence of this Agreement nor any action taken in accordance with its terms shall be construed in any way to prejudice the interests or rights of any Party to this Agreement. All of the terms, provisions, conditions, exclusions, endorsements, and other limitations of the Policies, *and all rights, causes of action, claims or benefits of the Parties that are not expressly released, waived or limited by this Agreement are preserved.*

In *Rollins*, 833 So.2d 921, the plaintiff sued the defendant-homeowners, who filed a third-party demand against their insurer, Allstate. Two weeks before trial,

5

the plaintiff entered into a settlement agreement with the homeowners. In consideration for being dismissed from the lawsuit, the homeowners "assign[ed], transfer[red], and subrogate[d] unto plaintiffs . . . any claims or rights against Allstate Insurance Company pursuant to any policy issued to us or for our benefit." *Id.* at 923 (alterations in original). Allstate also did not object to being named as a direct defendant in the lawsuit. Plaintiff's third-amended petition claimed Allstate had handled the claim in bad faith and that the homeowners had assigned their claims against Allstate to the plaintiff. Allstate, thereafter, denied liability based on certain policy provisions and asserted that the plaintiff had no right of action. The trial and appellate courts found that Allstate was entitled to summary judgment on the coverage issue because once the homeowner was dismissed, Allstate could not be liable for any damages since it is only responsible for "damages which the insured becomes legally obligated to pay." *Id.* at 924.

The supreme court reversed, finding that summary judgment should not have been granted as "the intent of the parties to the compromise is central to the resolution of this case."[1] *Id.* The supreme court found that genuine issues of fact existed regarding the parties' intent to release the homeowner's obligation to which the insurance coverage applied. The supreme court stated:

> In particular, the record demonstrates that Allstate did not object, and in fact agreed, to the amendment of plaintiff's petition to name it as a direct defendant in the face of its knowledge that its insureds, the [defendant-homeowners] were being released. Because genuine issues of material fact exist with respect to the confection of the compromise and Allstate's role in that compromise, summary judgment should not have been granted in this case.

*Id.* at 925.

---

[1] Justices Victory and Traylor both dissented, finding there were no genuine issues of fact that warranted reversal.

The facts of *Rollins* are distinguishable from the ones present here. First, the direct action statute was not at issue in *Rollins.* Second, it is clear that Hartford's intent in executing the high/low compromise was not to allow Soileau to proceed against it alone or otherwise waive it rights under the direct action statute. Hartford's intent is easily ascertainable from the four corners of the document, to wit, to cap its liability at $2,500,000.00, regardless of the jury verdict. The high/low agreement in this case is factually dissimilar from *Rollins*, where there was a genuine issue of fact as to whether the insurer agreed to have the plaintiff proceed against it alone.

### *Direct Action Statute*

Soileau argues that the direct action statute only governs the "bringing" of actions, not the maintenance of an action against an insurer once the insured is dismissed. Soileau argues that because she did not bring an action directly against an insurer, the direct action statute is inapplicable. We disagree. It is true that in *Foltmer*, 799 So.2d 545, and *White v. State Farm Insurance Co.*, 03-754 (La.App. 4 Cir. 11/26/03), 862 So.2d 263, the insureds were not initially named, whereas in this case, Soileau proceeded against the insureds until nearly the end of the trial before dismissing them in open court.[2] Nevertheless, we agree with Hartford that the legislative intent behind the amendment of the statute would be defeated if a plaintiff could circumvent the statute's requirements simply by filing the action against the insured and the insurer and then, later, dismissing the insured.

---

[2] In *Foltmer*, the plaintiff sued the City of Gretna and its insurer in Orleans Parish; however, the plaintiff's claim was transferred to Jefferson Parish, thus rendering the plaintiff's claim against the insurer alone in Orleans Parish prohibited by the direct action statute. In *White*, the plaintiffs filed an amended petition naming the insured *driver* as a defendant four-and-a-half months *after* the trial court rendered a judgment against the defendant insurer. Notably, the insured *owner*, not the *driver*, had been named as a defendant throughout the trial and was only dismissed at the conclusion of the trial pursuant to a motion for involuntary dismissal.

Soileau cites *Finnie*, 875 So.2d 71, for the proposition that the dismissal of an insured pursuant to a compromise does not bar the plaintiff from pursuing her action solely against the insurer. We find the facts of *Finnie* distinguishable.

In *Finnie*, the plaintiff settled with the defendant and all of the other insurers except Lafayette Insurance Company (LIC). The settlement agreement stated that plaintiff "reserved the right to proceed against [defendant] 'to the extent that he was insured by Lafayette.'" A panel of this court found:

> Ms. Finnie reserved her claim against Mr. LeBlanc to the extent that he was insured by LIC. This was a partial dismissal, not a carte blanche release. The language in the partial dismissal, "to the extent he was insured by Lafayette" gave Ms. Finnie the right to proceed against LIC. LIC should not have been dismissed from the suit for the sole reason that Mr. LeBlanc was dismissed from the suit. The intent was to grant a partial release of Mr. LeBlanc and to reserve rights to the extent that he was covered by LIC. We cannot say that [the] trial court was legally incorrect in allowing the suit against LIC.

*Id.* at 76-77.

*Finnie* did not discuss the application of the direct action statute and the clear wording of the settlement agreement revealed the intent of LIC to remain as a party.

We agree with Hartford that Soileau's right of action against Hartford was extinguished when she dismissed Smith's from the suit. Pursuant to the plain language of the statute, a party can pursue an insurer alone only when one of the enumerated exceptions in the statute exist.

> The direct action statute does not create an independent cause of action against the insurer. It merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured. *Descant v. Adm'rs of Tulane Educ. Fund*, 93-3098 (La.7/5/94), 639 So.2d 246. When the injured party's substantive cause of action against the original tort feasor is extinguished, the procedural right of direct action against the insurer, which is purely remedial and ancillary to the cause, must fall by operation of law. *Dumas v. U.S. Fid. & Guar. Co.,* 241 La. 1096, 134 So.2d 45 (1961.)

8

*Marsh Engineering Inc. v. Parker*, 04-509, p. 11 (La.App. 3 Cir. 9/29/04), 883 So.2d 1119, 1127, *writ denied*, 04-2669 (La. 1/28/05), 893 So.2d 73.

Soileau makes a feeble argument that La.R.S. 22:1269(B)(1)(b) should apply as an exception because the high/low agreement effectively rendered the insureds insolvent. A novel argument, but one that must fail. There are no valid exceptions to the direct action statute here; thus, the trial court erred in denying Hartford's exception of no right of action. Because we have found that Soileau no longer had a cause of action against Hartford, all remaining issues assigned as error are rendered moot.

## CONCLUSION

The judgment of the trial court denying the defendant-appellant, Hartford Insurance Company's, exception of no right of action is reversed. The exception is granted, and Hartford Insurance Company is, hereby, dismissed. Costs of this appeal are assessed equally between the parties.

**REVERSED AND RENDERED**.