TOBIAS, J.,
dissents and assigns reasons.
hThe plaintiff/appellant, Dana Jóhno (“Mr. Johno”), appeals a judgment that granted a partial peremptory exception of no cause of action and a partial peremptory exception of no right of action filed by the defendant/appellee, Scottsdale Insurance Company (“Scottsdale”). Mr. Johno, however, does not assign as error that part of the judgment that granted the partial exception of no cause of action, arid thus I pretermit a discussion of the correctness of that portion of the - judgment. Finding that our procedural law does not recognize a partial exception of no right of action and for the reasons that follow, I would convert the appeal of Mr. Johno to a writ application for supervisory review, grant the writ application, vacate the judgment insofar as it granted the partial exception of no right of action, and remand the matter to the trial court for further proceedings.
The trial court set forth the facts in its reasons for judgment, , which for the purposes hereof I adopt:
The underlying factual basis for this litigation is the post-Katrina demolition of a rental home belonging to plaintiff. He filed suit against numerous parties, ^including the Parish of Plaquemines (PPG), Leon Duplessis & Sons (Duples-sis), Hard Rock Construction (Hard Rock), and Pro Tree Services (Pro Tree). Duplessis had a contract with PPG for demolition and debris removal following Hurricane Katrina,. and Du-plessis had sub-contract with Hard Rock which in turn had a subcontract with Pro Tree.
In his seventh supplemental and amending petition, plaintiff alleged that he sent a settlement demand to all defendants and that he settled with PPG and Duplessis. As part of the settlement, Duplessis assigned to plaintiff all of its contractual rights against Hard • Rock, Pro Tree and Scottsdale. He further alleged that Hard Rock and Pro Tree, under the direction of their insurer Scottsdale, refused to negotiate or make a settlement offer.
* * *
Plaintiff further alleged- that Scottsdale was in bad faith for its refusal to settle with him after he provided Scottsdale with proof of his losses and damages. He quoted both La. R.S. 22:1973 and La. R.S. 22:1892 as legal support for the bad faith claims against Scottsdale based on "both his own claims and the claims he alleges were assigned to him by Duplessis.
In response to the seventh supplemental and amending petition, Scottsdale filed partial peremptory exceptions of no cause of. action and of no right of action.
. First, Scottsdale argued that Mr. Johno does not have a [direct] cause of action *588 against it for bad faith damages under La. R.S. 22:1973[1] (formerly La. R.S. |R22:1220) for its alleged failure to settle his claims because he was not a party to the insurance contract between Scottsdale and its additional insured, Duplessis.
Second, Scottsdale argued that an unex-ercised right to file a lawsuit is not assignable; thus that claim should be dismissed as well.
After briefing and oral argument, the trial court granted both of Scottsdale’s partial exceptions and dismissed those two claims asserted by the plaintiff with prejudice.[2] It did not, however, dismiss Scottsdale from the litigation, as the plaintiff has *589 asserted other issues against Scottsdale in this lawsuit.
| J find that the judgment rendered by the court was improperly designated as final and immediately appealable under La. C.C.P. art.1915.
Simply put, the. portion of the judgment that granted the partial exception of no right of action should not have been designated as “final” and immediately appeal-able as it does not meet the criteria described in La. C.C.P. art. 1915. See R.J. Messinger, Inc. ¶. Rosenblum, 04-1664 (La.3/2/05), 894 So.2d 1113. This court does, however, have the authority to convert the appellant’s appeal to an application for a supervisory writ of review, and thereby exercise our constitutional supervisory jurisdiction. This I would do in this case because I find no such procedural device exists in our law as a partial peremptory exception of no right of action. Shinew v. Luciano Refrigerated Transport, Inc., 96-2454, pp. 3-4 (La.App. 1 Cir. 11/19/97), 706 So.2d 140, 141; Cenac Towing Co. v. Cenac, 413 So.2d 1351, 1352 (La.App. 1st Cir.1982); Poy v. Twin Oaks Nursing Home, Inc., 95-889, pp. 6-8 (La. App. 5 Cir. 2/14/96), 671 So.2d 15, 18-19; see also In re Medical Review Panel Claim of Dunjee, 97-0451, 97-0452 (La. App. 4 Cir. 5/27/98), 715 So.2d 64. Either a person has a right of action or he does not. By Scottsdale’s | ¿filing of a motion asserting a partial exception of no.right of action, it confesses that Mr. Johno has a right of action on some other cause of action.[3]
I find Scottsdale’s “partial” exception of no right of action was instead, and in fact, another exception of “no cause of action.” As explained by the Supreme Court in Babineaux v. Pemie-Bailey Drilling Co., 261 La. 1080, 1095-97, 262 So.2d 328, 333-34 (La.1972):
There has been much discussion about the purpose of the exception of no right of action, and many attempts to differentiate that exception from the exception of no cause of action. One of the best statements of the definition of no right of‘action and of the basis of the distinction between it and no cause of action was given by the late Henry George McMahon: “The former (no cause of action) is used to raise the issue as to whether the law affords a remedy to anyone for the particular grievance alleged by plaintiff; the latter (no right of action) is employed (in cases where the law affords a remedy) to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy, or to raise the issue as to whether plaintiff has the right to invoke a remedy which the law extends, only conditionally.” McMahon, The Exception of No Cause of Action in Louisiana, 9 TulL.Rev. 17, 29-30. See also McMahon, Parties Litigant in Louisiana, 11 TulL.Rev. 529-30. The exception of no right of action, however, cannot be invoked to determine whether a particular defendant can stand in judgment in a particular case, i.e., whether the right or remedy can be exercised against that defendant.
In Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir.1967), Mr. Justice Tate of our court, then writing for the Court of Appeal, correctly stated the purpose, of the exception of no right of action:
The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of Law [sic] within the general class in *590 whose favor the law grants the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does |fior does not fall within the general class haying legal interest to sue upon the cause of action asserted.
* * *
In short, the objection of no right of action raises the question of whether the plaintiff has a legal interest in the subject matter of the litigation, assuming (for the purpose of deciding the exception) that a valid cause of action is pleaded by the petition. LeSage v. Union Producing Co., 249 La. 42, 184 So.2d 727. [Footnotes omitted.]
See also Harvey v. Cole, 02-1704, p. 5 (La.App. 4 Cir. 4/30/03), 845 So.2d 591, 595 (“The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation.”)
Bdbineaux sets forth a bright-line rule of law from which the Louisiana Supreme Court has never intentionally deviated. I acknowledge that the Court and courts of appeal have from time-to-tinie said or found that a party had “no right of action,” even utilizing the word “partial” in its discussion. However, a careful dissection of the issue before the courts in those cases is that they were using “right of action” to mean that the law afforded the party no claim, much like Scottsdale’s proffered position in this case, that Mr. Johno has no direct claim for bad faith under La. R.S. 22:1973, a position with which I agree.
However, I do find that Mr. Johno has an interest in asserting that he was assigned Duplessis’ La. R.S. 22:1973 claim by the Confidential Settlement Agreemént and Release at issue. It is clear (undisputed) that Mr. Johno has an assignment of Duplessis’ indemnity claims. In pertinent part, the Release states:
Jj4. ASSIGNMENT OF RIGHTS
Except as specifically stated herein, DUPLESSIS agrees to assign to RE-LEASOR [Johno] all contractual rights DUPLESSIS has or may have against HARDROCK, its subcontractors and their insurers, including, but not limited to, the indemnity claims asserted by DUPLESSIS in the DEMAND and any additional rights DUPLESSIS may have under the HARDROCK CONTRACT, to the fullest extent allowed under Louisiana law, except DUPLESSIS and HANOVER specifically reserve their rights to recover past, present, and future defense costs, with DUPLESSIS and HANOVER remaining in the litigation to pursue the herein assigned indemnity claim and for DUPLESSIS and HANOVER to recover its past, present and future defense costs. [Emphasis supplied.]
The definition of. “claim” or “claims” is contained earlier in the settlement agreement. In the section entitled “DEFINITIONS,” Paragraph 13 states in pertinent part:
13. “CLAIM” ■ or “CLAIMS” shall mean any and all past, present and future claims, demands, obligations, requests, actions, suits, proceedings, losses, damages, liens, administrative proceedings, governmental -actions, and causes of action, whether arising out of tort, contract, statute, regulations or otherwise, including but not limited to those for
* # *
contractual claims, extracontractual claims, claims for indemnity, claims for insurance coverage, claims for violations of any code, statute, rule [,] regulation, or law, including but not limited *591 to claims under La. C.C..arts.1996,1997, 1998, 2316 et seq., 2316, 2317, 2317.1, 2318, 2320, La. R.S. 22:1892 (formerly 22:658), and La. R.S. 22:1973 (formerly 22:1220)[.] [Emphasis supplied.] ■ ■
In order to argue that an exception of no right of action applies in this case, Scottsdale would be conceding that an unexer-cised right to file a . lawsuit may be assigned, but that Mr. Johno is not in the class of persons permitted to do so. Instead, Scottsdale’s position is that an unex-ercised right to file a lawsuit may | «never be assigned. Like the inability of a third-party claimant to directly sue the defendant’s insurer, this too questions whether the petition states a valid cause of action.
Thus, the issue in this case1 is whether an unexercised right to institute a lawsuit may be assigned. Although I pretermit a detailed discussion of that issue, reserving it for another day, I note that La. C.C. arts. 448, et seq., 1765, 1766, 1984, and 2642; King v. Illinois National Ins. Co., 08-1491 (La.4/3/09), 9 So.3d 780; and Kelly v. State Farm Fire & Cas. Co., 14-1921(La.5/5/15), 169 So.3d 328, drive the issue, with King and Kelly taking inconsistent and irreconcilable positions on the issue[4] and the Civil Code specifically answering the issue, agreeing with the dissent of Justice Kimball in King.
In the case at bar, Duplessis- did not assert a bad faith claim against Scottsdale in a lawsuit; from my reading of the Release, it is unclear whether Duplessis’ unexercised right to file a bad faith claim against Scottsdale was assigned to Mr. Johno. We as a panel are in disagreement as to exactly what, if anything, Duplessis transferred to Mr. Johno. This is best fleshed out in the trial court with evidence.[5] Thus, I find it appropriate to convert Mr. Johno’s appeal to 19an application for supervisory writ (because his appeal was filed within thirty days of the trial court’s judgment on the exceptions),[6] grant the writ application,, vacate the trial court’s judgment insofar as it granted the partial exception of no right of action and dismissed Scottsdale with prejudice.
Because (a) the trial court granted the partial exception of no right of action and dismissed some of Mr. Johno’s claims with prejudice; (b) the trial court improperly determined an issue of law on a nonexistent asserted “partial” exception of no right of action;[7] and (c) , reasonable minds could conceive or perceive interpretations of the contract (the “Confidential Settle *592 ment Agreement and Release”) at issue which may or may not have transferred to Mr. Johno the assignor’s bad faith claims under La. R.S. 22:1973, I find it appropriate to covert the appeal of the appellant to a writ application.[8]

. La. R.S. 22:1973 provides in pertinent part:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer’s duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
[[Image here]]
(6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

. The precise language of the judgment at issue reads:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Partial Exception of No Right of Action is GRANTED and plaintiff's claim based on the assignment of rights to it from Leon Duplessis & Sons, L.L.C. is DISMISSED with prejudice.
This judgment is designated as a final judgment under La. C.C.P. art.1915 because this Court determines that there is no just reason for delay. [Emphasis in original.]
In pertinent part, La. C.C.P. art.1915 reads as follows:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by ■Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconven-tional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

. For a detailed discussion and analysis of why a partial exception of no right of action does’ not exist, see 2 La. Prac. Civ. Proc. Article 927, § 6 (20IS ed.)

. See also Falco Lime, Inc, v. Plaquemine Contracting Co., Inc,, 95-1784 (La.App. 1 Cir. 4/4/96), 672 So.2d 356; Maryland Casualty Co. v. Dixie Ins. Co., 622 So.2d 698 (La.App. 1st Cir.1993); Keith v. Comco Ins. Co., 574 So.2d 1270 (La.App, 2d Cir.1991); Soma Enterprises, Inc. v. State, Dept. of Transp. and Development, 584 So.2d 1243, 1246 (La.App, 2d Cir.1991); Rollins v. Richardson, 02-0556 (La. 12/4/02), 833 So.2d 921.

. See specifically the definition of the word ‘‘claims” in paragraph 13 of the release and the use of the words "indemnity claims” in paragraph 4 of the release quoted infra. A remand would permit Mr. Johno an opportunity to enter into a written agreement with Duplessis as to whether Duplessis did in fact transfer its bad-faith claim under L. R.S. 22:1973. If Mr. Johno cannot obtain the written agreement, then obviously his claims for bad-faith would be totally gone.

. See Rule 4-3, Umf. Rules, La. Cts. of App.

. The proper procedural vehicle to address an issue that might sounds as if it would be a partial exception of no right of action is a motion for summary judgment., La. C.C.P. art. 966, et seq.; see, especially, La. C.C.P. art. 966 E that reads: "A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties.”

. Ibid. The trial court’s judgment is dated 19 May 2015, and the order of appeal was granted on 5 June 2019, within the thirty days to apply for a writ application to this court.