# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CW12-1007
### consolidated with 12-1269

KANO INVESTMENTS, L.L.C.

VERSUS

KOJIS CONSTRUCTION, L.L.C.

************

## APPEAL FROM THE
## TWELFTH JUDICIAL DISTRICT COURT
## PARISH OF AVOYELLES, NO. 2012-7687-B
## HONORABLE WILLIAM J. BENETT, JUDGE

************

## J. DAVID PAINTER
## JUDGE

************

Court composed of Elizabeth A. Pickett, J. David Painter, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Jerold Edward Knoll**
**P.O. Box 426**
**Marksville, LA 71351**
**COUNSEL FOR PLAINTIFF-APPLICANT-APPELLEE:**
    Kano Investments, L.L.C.

**Brian K. Thompson**
**2915 Jackson St.**
**Alexandria, LA 71301**
**COUNSEL FOR PLAINTIFF-APPLICANT-APPELLEE:**
    Kano Investments, L.L.C.

**Charles A. Riddle**
**P.O. Box 608**
**Marksville, LA 71351**
**COUNSEL FOR DEFENDANT-RESPONDENT-APPELLANT:**
    Kojis Construction, L.L.C.

**PAINTER, Judge.**

This matter arises out of a lease contract. Kano Investments, L.L.C. (Kano) brought a motion for summary judgment asserting that no genuine issue of fact remained as to Kojis Construction, L.L.C.'s (Kojis) breach of the lease of the premises owned by Kano and that Kojis was, therefore, not entitled to reimbursement for improvements made. The trial court found no genuine issue of fact remained with regard to violation of the lease, but found that questions of fact remained as to the claims for reimbursement. Kano applied to this court for a writ of review as to the trial court's denial of summary judgment on the reimbursement claim. Kojis moved to appeal the grant of the motion with regard to breach of the lease. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On August 20, 2009, Kojis entered a commercial lease agreement with Shelton Development Company, L.L.C. (Shelton) for a space in the Marksville Square shopping center. The trial court correctly found the undisputed facts to be as follows:

1) On or about March 5, 2008[,] Shelton Development Company, LLC acquired immovable property from Marksville, La[.] Commercial Properties Development Company, LLC.

2) During the summer of 2009, Steven Todd Kojis, owner of Kojis Construction, LLC, contacted Mike Shelton, owner of Shelton Development, about leasing a space in a building situated upon the property acquired by Shelton in March 2008. All negotiations between Kojis and Shelton were conducted via e-mail and telephone calls.

3) In August of 2009[,] Kojis delivered to Mike Tudor, attorney for Shelton, a draft of a Lease Agreement used by Kojis for property in Jennings, Louisiana. This Lease Agreement reflected the tenant as Kojis Construction, LLC and the name of the business to be "ANYTIME FITNESS (to be used by tenant)[] with the tenants use to be "health club."

1

4) On August 20, 2009[,] a Lease Agreement was executed between Shelton and Kojis, said Lease Agreement being similar to the agreement forwarded by Kojis to Mike Tudor. However, Tudor apparently made changes. This Lease Agreement indicated the name, to be "ANYTIME FITNESS" (to be used by assignee of," and the tenants use was listed as health and fitness club."

5) On or about November 6, 2009[,] a Commercial Lease Agreement was entered into between Kojis as lessor and Three Monkeys Fitness, LLC as lessee. This Commercial Lease covered the same property leased by Kojis from Shelton and specifically included a provision entitled "Assignment and Subletting" which indicated that the Lease could not be sublet without the written permission of lessor, Kojis.

6) On or about November 22, 2011, Kano purchased the subject premises from Shelton and also received, pursuant to an Act of Assignment recorded November 23, 2011[,] in MOB 692, Page 545, an Assignment of five Leases affecting the subject property, all with Shelton as landlord. Of these five Leases being assigned, one such Lease was listed as "Kojis Construction, LLC, Anytime Fitness."

7) On or about November 30, 2011[,] an Assignment and Consent to Assignment of Lease Agreement was executed by and between Kojis as landlord; Three Monkey's Fitness as tenant; and Chad Laviolette as assignee.

8) In late February 2012, Kano notified Kojis that they intended to cancel the Lease between Shelton and Kojis, and thereafter issued a second item of correspondence stating that the Lease was in fact cancelled.

On February 28, 2012, Kano filed a Petition for Declaratory Judgment recognizing that Kano acted in good faith and complied with its obligations under the lease, that Kojis violated the terms of the lease by failing to obtain written permission to sublet or assign the lease, and that the lease should be cancelled. Kojis responded with an Answer to Petition for Declaratory Judgment and Reconventional Demand first asserting that the sublease was not a breach of the lease and, in the alternative, that it was entitled to reimbursement for the expenses it incurred in improving the lease space.

2

In May 2012, Kano filed a motion for summary judgment. As stated above, the trial court found that no genuine issue of fact remained with regard to violation of the lease, but that questions of fact remained as to the claims for reimbursement. Both parties appeal.

## DISCUSSION

*Summary Judgment*

> Appellate review of the granting of a motion for summary judgment is *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Bonin v. Westport Ins. Corp.*, 05-0886, p. 4 (La.5/17/06), 930 So.2d 906, 910; *Schroeder v. Bd. of Sup'rs of La. State Univ.*, 591 So.2d 342, 345 (La.1991). A motion for summary judgment is a procedural device used when there is no genuine issue of material fact. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and shall be construed to favorably accomplish these ends. La. C.C.P. art. 966(A)(2). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; *Duncan v. USAA Ins. Co.*, 06-0363, p. 4 (La.11/29/06), 950 So.2d 544, 546-547. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Hines*, 876 So.2d at 765-766.

*Priola Constr. Corp. v. Profast Dev. Group, Inc.*, 09-342 (La.App. 3 Cir. 10/7/09), 21 So.3d 456, *writ denied*, 09-2403 (La. 1/22/10), 25 So.3d 142 (citing *King v. Ill. Nat'l Ins. Co.*, 08-1491, p. 6 (La.4/3/09), 9 So.3d 780).

Therefore, we will conduct a de novo review to determine whether any material issues of fact remain which would prevent the granting of summary judgment in this matter.

3

*Breach of Lease*

The lease contains the following provisions: The tenant's name is designated as Kojis Construction Co., LLC. However, the name of the business is indicated as ANYTIME FITNESS [to be used by assignee of]. Section 16 of the lease entitled Assignment and Subletting provides as follows:

> Subject to the written permission of the Landlord, Tenant may assign or encumber this lease of its rights thereunder. In such event, the Tenant shall remain at all times liable for the payment of all rents required to be paid thereunder and for the performance of all term, covenants and conditions hereto undertaken by Tenant. Failure to secure the written permission of Landlord for an assignment of this Lease by Tenant[] shall result in a default of the Lease.

Kano alleges that it was entitled to cancellation of the lease based on Kojis' failure to notify it in writing of the assignment of the lease to Laviolette's Gym, LLC (Laviolette's Gym), an Anytime Fitness franchisee. Kojis opposed the motion arguing that the intent of the original lease was that whoever held the Anytime Fitness franchise would operate the business on the premises.

Louisiana Civil Code Article 1848 provides that:

> Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent or to prove that the written act was modified by a subsequent and valid oral agreement.

In this case, Kojis would like to introduce evidence of the negotiations which preceded the execution of the lease. As such, this evidence is not admissible to vary the contents of the lease.

Further, the words of the contract are clear, the tenant, designated as Kojis, may not assign the lease of sublet without the written permission of the lessor/landlord, now Kano. It is undisputed that written permission was not obtained for the assignment of the lease to Laviolette's Gym. Regardless of whether it was understood that the lease was to be assigned or sublet, as evidenced

4

by the name of the business in the lease, the lease makes it clear that assignment by the tenant, Kojis, requires the written consent of the Lessor to any assignment or sublease.

Therefore, we conclude that no issue of material fact remains but that Kojis' failure to obtain written consent for the assignment of the lease to Laviolette's Gym, was a violation of the lease agreement.

*Reimbursement of Improvement Expenses*

Kano further asserted in its motion that it Kojis is not entitled to the amount claimed in its reconventional demand for the expenses of improving the premises.

Kojis seeks to recover the cost of its improvements to the leased premises under the Louisiana Civil Code provisions on accession in relation to immovable property.

Louisiana Civil Code Article 495 provides that:

> One who incorporates in, or attaches to, the immovable of another, with his consent, things that become component parts of the immovable under Articles 465 and 466, may, in the absence of other provisions of law or juridical acts, remove them subject to his obligation of restoring the property to its former condition.

> If he does not remove them after demand, the owner of the immovable may have them removed at the expense of the person who made them or elect to keep them and pay, at his option, the current value of the materials and of the workmanship or the enhanced value of the immovable.

Articles 496 and 497 make further provision for good and bad faith possessors.

> Comment (b) to Article 495 provides, in pertinent part: "When improvements are made by a lessee in accordance with the terms of the lease, the rights of the parties are determined by the contract or under the law of lease. Article 495 applies only in the absence of other provisions of law or juridical act."

> In *Smith v. State, Department of Transporation & Development*, 04-1317 (La.3/11/05), 899 So.2d 516, the supreme court discussed the

5

application of Article 495, noting that it is a supplementary remedy that applies in the absence of other laws or juridical acts.

*Priola Const. Corp.,* 21 So.3d at 464.

The lease makes the following provisions with regard to improvements and as to the Lessor's rights on default:

> **Tenant's Improvements:** Tenant is accepting the Premises in "as is" condition. Tenant shall be responsible for all improvements made to the Premises. This Lease and the payment of rent shall not be delayed due to any delay in Tenant completing its improvement.
>
> . . . .
>
> 5. <u>Landlord's Rights upon Default</u>. If the Tenant shall abandon or vacate the Premises before the end of the term of this Lease, or shall suffer the rent to be in arrears, or be in default of the Lease, the Landlord may at its option, forthwith cancel this Lease or it may enter the Premises as the agent of the Tenant, by force or otherwise, without being liable in any way therefore, and relet the Premises with or without any furniture or fixtures that may be therein, as the agent of the Tenant, at such a price and upon such terms and for such duration of time as the Landlord may determine, and receive the rent therefore, applying the same to the payment of the rent due by these presents, and if the full rental herein provided shall not be realized by Landlord over and above the expenses of Landlord in such re-letting, the Tenant shall pay any deficiency, and if more than the full rental is realized, Landlord shall retain that excess rent. In any event, the Tenant remains liable for all amounts due under the Lease, and Landlord may institute proceedings against the Tenant to recover all sums due.

Contrary to Kano's assertions, the lease contains no provision with regard to the Lessor's liability or lack of liability for improvements made to the premises on default.

Because La.Civ.Code art. 2695, however, provides for this situation, the code articles governing accession do not apply. Article 2695 provides as follows:

> In the absence of contrary agreement, upon termination of the lease, the rights and obligations of the parties with regard to attachments, additions, or other improvements made to the leased thing by the lessee are as follows:
>
> (1) The lessee may remove all improvements that he made to the leased thing, provided that he restore the thing to its former condition.

(2) If the lessee does not remove the improvements, the lessor may:

(a) Appropriate ownership of the improvements by reimbursing the lessee for their costs or for the enhanced value of the leased thing whichever is less; or

(b) Demand that the lessee remove the improvements within a reasonable time and restore the leased thing to its former condition. If the lessee fails to do so, the lessor may remove the improvements and restore the leased thing to its former condition at the expense of the lessee or appropriate ownership of the improvements without any obligation of reimbursement to the lessee. Appropriation of the improvement by the lessor may only be accomplished by providing additional notice by certified mail to the lessee after expiration of the time given the lessee to remove the improvements.

(c) Until such time as the lessor appropriates the improvement, the improvements shall remain the property of the lessee and the lessee shall be solely responsible for any harm caused by the improvements.

After a de novo review, we conclude that questions of fact remain as to whether the lessor has made demand for restoration of the leased premises to its former condition or has chosen to appropriate the improvements and reimburse the lessee. Therefore, summary judgment is not warranted in connection with Kojis reconventional demand.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be divided equally between the parties.

**AFFIRMED.**